232 So.2d 408 (1970)
Mrs. Betty GALUPPI, Appellant,
v.
Charles E. VIELE and Margaret E. Viele, His Wife, Jointly and Severally, Appellees.
No. 2240.
District Court of Appeal of Florida, Fourth District.
February 13, 1970.
Rehearing Denied March 31, 1970.
L. Byrd Booth, Jr., of O'Neal, Booth & Merritt, Ford Lauderdale, for appellant.
John Fleming and Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
CROSS, Chief Judge.
Appellant-plaintiff, Betty Galuppi, appeals a final order of dismissal entered by the court in favor of appellees-defendants, Charles E. Viele and Margaret E. Viele, his wife, jointly and severally, in a negligence action involving personal injuries. We reverse.
The plaintiff, Betty Galuppi, filed suit against Viele Groves, Inc., a Florida corporation, on August 1, 1966, alleging that she had visited the defendants' parking space on November 28, 1963, and in the course of alighting from her vehicle she struck her head on a low-hanging tree branch.
On August 29, 1966, the defendant, Viele Groves, Inc., filed a motion to dismiss the complaint, asserting insufficiency of process and insufficiency of service based upon the fact that the complant was not signed by an attorney at law. The motion to dismiss further asserted that the complaint failed to state a cause of action on the ground it failed to allege facts establishing the breach of any duty owed by the defendant to the plaintiff, and that the complaint on its face showed that the plaintiff was guilty of contributory negligence *409 as a matter of law. The motion was denied.
Defendant-Viele Groves, Inc., then answered, admitting the allegations of paragraph one of that complaint, which alleged that the defendant is a corporation existing under and by virtue of the laws of the State of Florida, maintaining its office and principal place of business in Broward County, Florida. Other defenses were asserted denying that the defendant was guilty of any negligence proximately causing the plaintiff's alleged injuries, and alleging that the plaintiff was guilty of negligence proximately contributing to her own alleged injuries. The defendant, Viele Groves, Inc., thereafter by motions moved for compulsory physical examination of the plaintiff, for production of income tax returns, and for production of all medical bills which the plaintiff claimed to have incurred as a result of the accident, and in addition, served on the plaintiff to be answered some thirty interrogatories.
The court set the cause for trial on June 5, 1967. Prior to trial, plaintiff filed and served on defendant request for admissions requesting the defendant, Viele Groves, Inc., to admit it was a Florida corporation duly organized and existing under the laws of the State of Florida with its principal place of business in Broward County, Florida; that the defendant, Viele Groves, Inc., was in possession and had complete domination and control over a certain business premises located at 6990 Griffin Road, Davie, Florida.
In response to plaintiff's request for admissions, Defendant-Viele Groves, Inc., answered in the negative to all the questions propounded by the plaintiff.
Thereafter by stipulation between the parties, the cause was continued so that the plaintiff might amend the complaint to join the owners of the property involved as defendants.
The defendant, Viele Groves, Inc., then moved for summary judgment, attaching thereto an affidavit of the defendant, Charles E. Viele, stating that he is president of Viele Groves, Inc., and has been since it was incorporated in 1961, and that Viele Groves, Inc., had never been an active corporation, and that for various reasons it had been kept alive by the payment of the annual tax to the Secretary of State, but that it is only a shell of a corporation and has never been actively engaged in any kind of business in the State of Florida or anywhere else, and that it did not own any property upon which the accident occurred involving the plaintiff, nor did it operate any business conducted on the said premises and had no right to control the premises or right to possession of the same. The defendant-corporation's motion for summary judgment was granted, and judgment was entered thereon.
The owners, Charles E. Viele and Margaret E. Viele his wife, having been made party defendants by the amendment, moved to dismiss the complaint asserting as grounds therefor that the complaint affirmatively showed on its face that it was barred by the statute of limitations of four years in the State of Florida covering negligence or tort actions under F.S. 95.11 (4), F.S.A.
The motion was granted and a final order of dismissal entered. It is from this final order of dismissal that the plaintiff now appeals.
We have for determination the sole questions of whether an amendment to a complaint changing the description of the defendant from that of a corporation to an individual relates back to the commencement of the action so as to defeat a defense based on the statute of limitations relating to the time in which the action must be filed.
It must be noted that the question before us is one of substance, since if the plaintiff's request is denied, her claim is lost as she would be barred from filing a new action against the defendants, Charles E. Viele and Margaret E. Viele, his wife. *410 Plaintiff contends that she should be permitted to amend her complaint in the proposed manner despite the fact that the statute of limitations has run. She argues that the proposed amendment will not bring a new party before the court, but merely correct a misnomer of a party which is in fact already before the court and which has had complete notice and knowledge of the suit from its inception. The plaintiff asserts that she only discovered the mistake a short time before she filed her motion to amend her complaint, and that she has acted with the requisite promptness in seeking to rectify this error.
The defendants' contention, briefly, is that the plaintiff had brought suit against the wrong party, and that an amendment to bring in a new party defendant after the expiration of the statute of limitations should not be permitted.
In arriving at a determination of this issue we must of necessity consider subparagraphs (c)[1] and (e)[2] of Florida RCP 1.190, 30 F.S.A. We must determine if the proposed amendment corrects a misnomer or whether it brings in new party defendants. If the amendment is granted and its effect is merely to correct a misnomer, there is no doubt that the amendment would relate back in time to the date of the original complaint. Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662. But if its effect is to make new parties to the suit, the amendment would not relate back and the statute of limitations would bar the action.[3] 3 Moore's Federal Practice, § 1515 at 1040-41.
An examination of annotation 8 A.L.R.2d 6 and of the many cases cited therein makes it clear that the courts have frequently reached different conclusions upon substantially similar factual situations. These authorities show that the courts have in many instances taken into consideration not only the technical effect of the amendment, but also the circumstances connected with the erroneous naming of the corporate defendant and the extent of the prejudice, if any, which may result to the real party defendant if the amendment is allowed. The federal cases dealing with this subject look to the relationship between the old and the new party; whether the new party has been put on notice of the suit, and whether substantial prejudice is apt to result. Meltzer v. Hotel Corporation of America, N.D. Ohio 1959, 25 F.R.D. 62; Grandey v. Pacific Indemnity Company, 5 Cir.1954, 217 F.2d 27; McDonald v. Chrysler Motors Corporation, W.D.Pa. 1961, 27 F.R.D. 442; Denver v. Forbes, E.D.Pa. 1960, 26 F.R.D. 614.
In the instant case Charles E. Viele had notice of the plaintiff's claim and of the suit from the outset. At oral argument it was revealed that Charles E. Viele had service of summons and complaint served upon him as president of Viele Groves, Inc. it is obvious that Mr. Viele was aware of the plaintiff's mistake in naming Viele Groves, Inc., as the defendant. Despite this knowledge, Viele Groves, Inc., filed the pleadings alluded to above, not only denying liability but also asserting the affirmative defense of contributory negligence. It participated in further preliminary *411 proceedings with which as a complete stranger to the incident which gave rise to the plaintiff's claim, it could have had no concern. The pleadings filed and other actions taken by Viele Groves, Inc., in this suit were of a nature calculated to lead the plaintiff to believe that she had sued the correct party. Under these circumstances, we are of the opinion that Charles E. Viele, the party which the plaintiff intended to sue, was in fact before the court, and that the effect of the proposed amendment is merely to correct a misnomer.
It may be questionable whether under these circumstances, the defendant, Charles E. Viele, would not be estopped to make the defense of the statute of limitations. Hernan v. American Bridge Company, 6 Cir.1909, 167 F. 930. Apart from this consideration, language of Justice Holmes in New York Central & H.R.R. Co. v. Kinney, 1922, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294, is apropos in the light of the facts in this case although the particular circumstances of that case were somewhat different:
"* * * [W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specific conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."
Thus in the instant case it is obvious that Charles E. Viele "hid in the grove," so to speak, and finally struck the plaintiff from ambush. Under these circumstances it would be grossly unfair to allow Charles E. Viele to avoid his rightful obligation through a technical error where he had notice of plaintiff's claim from the outset and as a result could in no way be prejudiced.
As to the defendant, Margaret E. Viele, the record reveals that she is the wife of the defendant, Charles E. Viele, and holds the offices of secretary and treasurer in Viele Groves, Inc. There is nothing in the record nor did oral argument reveal that the defendant, Margaret E. Viele, had actual notice of the suit pending against Viele Groves, Inc., or was aware of the plaintiff's mistake in naming Viele Groves, Inc., as a defendant. We are not disposed to impute this knowledge solely on the basis of the husband-wife relationship or the factor that Margaret E. Viele was also an officer of Viele Groves, Inc. However, evidence may be adduced which would reveal that Margaret E. Viele did in fact have actual knowledge or knowledge was imputed to her of the suit pending against Viele Groves, Inc., thus making her a proper party.
For the foregoing reasons, the final order of dismissal is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
McCAIN, J., concurs.
OVERTON, BEN F., Associate Judge, dissents, with opinion.
OVERTON, BEN F., Associate Judge (dissenting):
I dissent.
The plaintiff-appellant was not misled to her prejudice nor was she struck down from the ambush of the grove.
The plaintiff-appellant had actual knowledge over six months before the expiration of the statute of limitations who the true owners of the property were, and therefore, knew who should be proper parties defendant in the action. The record clearly reflects that on May 22, 1967, the plaintiff discovered she had brought her action against the wrong party when the corporate defendant so advised the plaintiff-appellant in answers to admissions. The cause had been set for trial and the trial was continued upon stipulation of counsel in order for the plaintiff to name the proper parties defendant. The statute of limitation period expired on *412 November 28, 1967. In the interval of over six months from May 22, 1967, to November 28, 1967, the plaintiff-appellant did nothing to name the proper parties defendant in this cause. It is also noted that information concerning the legal owners of the property in issue was a matter of public record and available to the plaintiff-appellant from the time the cause of action accrued. It is my opinion that when a plaintiff is informed and has actual knowledge of the proper parties and thereafter within a reasonable time fails to act upon this knowledge she cannot then complain that she was misled or prejudiced thereby.
This factual situation placed the defendant-appellee in the dilemma of (1) advising the plaintiff-appellant what she had to do to properly prosecute her action, or (2) leave the matter undisposed of and pending. This situation the majority holds is not prejudicial to the defendant. I disagree and would hold the defendant is substantially prejudiced thereby.
The general rule is that the amendment does not relate back to the date of filing the original complaint when new parties are added or substituted for those before the court by the original pleadings. There is an exception to this rule when the movant demonstrates that the new and old parties have such an identity of interest that the relation back is not prejudicial. This portion of the exception was relied on by the majority. However, this is not the only element that the movant must establish. As stated in 3 Moore's Federal Practice, Section 15.15, page 1046:
"In addition to demonstrating this absence of prejudice, to qualify under the exception to the general rule, the plaintiff had to show that his failure to join the correct parties at the outset had not been due to his own inexcusable neglect." (Emphasis supplied.)
See McDonald v. Chrysler Motors Corp., supra, and Higgins, Inc. v. Kiekhaefer, E.D.Wis. 1965, 246 F. Supp. 610, 611; 9 F.R.Serv.2d 15c.1, Case 6.
Any misrepresentation of identity that occurred was corrected six months before the statute of limitations expired. The record fails to establish any excusable reason for the plaintiff-appellant's delay in naming the proper parties defendant after they had due actual notice thereof.
The effect of the majority opinion is to extend the statute of limitation period four years from the time of the plaintiff's actual notice of the correct ownership of the defendant's property, even though this information was a matter of public record and the plaintiff had a reasonable time after actual notice, to-wit: six months, to bring her action within the prescribed limitation period.
The decision of the trial court should be affirmed.
NOTES
[1] (c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
[2] (c) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
[3] For an excellent annotation dealing with the problem presented to this court see 8 A.L.R.2d 6, Change in party after statute of limitations has run.