239 So.2d 593 (1970)
Elizabeth A. DAVIS, Individually and As Administratrix of the Estate of Paul T. Davis, Deceased, Appellant,
v.
Frank E. WILLIAMS, Robert P. Gaines, George Gillette, Robert Shiell and Mabry Dozier, As and Comprising the Board of Hospital Trustees of Escambia County, Florida, and St. Paul Fire and Marine Insurance Company, a Corporation, Appellees.
No. M-382.
District Court of Appeal of Florida, First District.
October 1, 1970.
Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellant.
Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellees.
WIGGINTON, Judge.
Plaintiff has appealed a final judgment dismissing her amended complaint against appellee, St. Paul Fire and Marine Insurance Company, on the specific ground that it failed to state a cause of action. Appellant contends that the trial court's action in dismissing her complaint against this defendant was erroneous and should be reversed.
Plaintiff instituted this action against appellees as the Board of Hospital Trustees of Escambia County, Florida, for *594 damages resulting from the wrongful death of her husband caused by the alleged negligence of the Escambia General Hospital administered by appellees. By leave of court an amended complaint was filed joining St. Paul Fire and Marine Insurance Company as an additional defendant and alleging that it issued to Escambia General Hospital a professional liability insurance policy insuring the hospital against liability because of injury, including death, sustained by any person arising out of malpractice, error or mistake committed during the policy period. Appellee insurance company filed a motion to dismiss the complaint as to it on two specific grounds. The first ground alleged that the complaint failed to state a cause of action against it because it showed on its face that appellee was merely a liability insurance carrier for Escambia General Hospital and that until the liability of the hospital is established in favor of plaintiff, she possesses no cause of action against the insurance company by virtue of having issued such liability policy. Appellee's second ground of its motion was that the statute of limitations barred the action against it. In addition to the foregoing motion, all defendants answered the complaint and moved for summary judgment in their favor. The court denied appellees' motion for summary judgment but granted the insurance company's motion to dismiss the complaint by order based upon the following conclusion of law, to wit:
"ORDERED AND ADJUDGED that said motion to dismiss be and the same is hereby granted upon the ground that Shingleton v. Bussey, Fla. [1969], 223 So.2d 713, permits the joinder of an insurance company as a party defendant only where such policy insures a motor vehicle for liability."
Subsequent to the rendition of the foregoing judgment this court had occasion to determine the scope of the Shingleton v. Bussey decision on which the trial court relied in dismissing the complaint. In our review we found and so held in Beta Eta House Corporation v. Gregory[1] that by its decision in Shingleton v. Bussey the Supreme Court intended to and did extend the doctrine permitting the joinder of liability insurance companies in actions against their insureds to all types of liability insurance including, but not limited to, motor vehicle liability insurance. Our decision was reviewed and subsequently affirmed by the Supreme Court in its opinion rendered in Beta Eta House Corporation v. Gregory.[2] We therefore hold that appellee insurance company was properly joined as a party defendant under the doctrine of Shingleton v. Bussey, supra, and the trial court erred in dismissing it from this action.
Appellee asserts in the alternative that even if the reason assigned by the trial judge in dismissing the complaint against it was erroneous, the judgment of dismissal should nevertheless be affirmed if the trial court's action is proper on any other ground. Appellee then asserts that the complaint against it shows on its face that the statute of limitations for bringing this action against appellee has run, and the action is therefore barred. In support of this position appellee points to that allegation of the complaint which alleges that plaintiff's decedent died on January 17, 1967, as a result of the negligent act of the defendant hospital. It is appellee's position that the two-year statute of limitations for bringing actions arising upon account of an act causing a wrongful death is applicable,[3] and since the complaint against it was not filed until June 2, 1969, it was not filed within the two-year period of limitations and is therefore barred. With this contention we cannot agree.
*595 The statute of limitations on which appellee relies is applicable to actions in tort resulting in death caused by the wrongful act of the defendant. Appellant's cause of action, if any, against appellee insurance company does not arise in tort but arises out of contract, and does not accrue until after appellant has secured a judgment against the alleged defendant tort-feasor to whom appellee issued its policy of professional liability insurance. It is therefore apparent that appellant's cause of action to impose liability on appellee under the insurance policy issued by it has not yet accrued and, therefore, any statute of limitations which does not commence to run until the accrual of the cause of action has not yet been activated.[4] Appellant's right to join appellee insurance company as a party defendant in this action arose upon the rendition of this court's opinion in the case of Bussey v. Shingleton[5] which opinion was filed on June 6, 1968, and rehearing denied on July 9, 1968. Prior to the filing of this decision the established procedural law of Florida precluded a plaintiff in a tort action such as the case sub judice from joining the defendant's liability insurance carrier as a party defendant in the action, but required plaintiff to proceed against the carrier in a garnishment action only after securing judgment against the insured tort-feasor. Since the appellant's right to join appellee as a defendant in this case arose upon the filing of our decision in Bussey on June 6, 1968, and the amended complaint against appellee was filed in this cause on June 2, 1969, the action was commenced against appellee within one year after appellant's right to join appellee as a defendant herein accrued. It would therefore appear that this action was seasonably commenced either under the statute of limitations relied on by appellee as well as under any other statute of limitations which might be considered to be more appropriately applicable.
We have considered appellee's remaining ground for affirmance of the judgment of dismissal but find it to be without substantial merit.
Appellees cross-assign as error the order of the trial court denying their motion for summary judgment. From our review of the record we find competent and substantial evidence creating a genuine issue of fact with respect to a causal connection between appellees' treatment of the deceased as a paying patient at the hospital and the cause of his death. The order denying summary judgment is accordingly affirmed.
The final judgment of dismissal herein is reversed and the cause remanded for further proceedings consistent with our views expressed herein.
JOHNSON, C.J., and RAWLS, J., concur.
NOTES
[1] Beta Eta House Corporation v. Gregory (Fla.App. 1970) 230 So.2d 495.
[2] Beta Eta House Corporation v. Gregory (Fla. 1970) 237 So.2d 163.
[3] F.S. § 95.11(6), F.S.A.
[4] 21 Fla.Jur. 193, Limitation of Actions, § 36. 51 Am.Jur.2d 679, Limitation of Actions, § 107. 54 C.J.S. Limitations of Actions § 108, p. 9.
[5] Bussey v. Shingleton (Fla.App. 1968) 211 So.2d 593.