**CITIZENS AND PROPERTY OWNERS OF THE SEVENTH AVENUE NEIGHBORHOOD, et al v. CITY OF LAKE WORTH, et al.**

No. 73-348-AP(L)-01.

Circuit Court, Palm Beach County.

May 7, 1974.

Shelton Clyatt, Jr., West Palm Beach for the petitioners.

Carl V. M. Coffin, West Palm Beach, for the respondents.

**LEWIS KAPNER, Circuit Judge.**

Petitioner property owners filed a petition for writ of certiorari against the City of Lake Worth because of an adverse decision of the zoning board of appeals of that city. The writ was issued but subsequently dismissed because, inter alia, proceedings of this kind should be taken against the zoning board and not against the city. *Weber v. Zoning Board of Appeals of the City of West Palm Beach,* (4th DCA, 1968) 206 So.2d 258.

Petitioners have now filed an amended petition, and a writ has been issued, against both the zoning board and the city. Respondent city seeks to dismiss on the authority of *Weber* and both respondents seek to dismiss on the grounds that the amended petition was not filed within the thirty day period permitted for the filing of such petitions. (See Lake Worth Ordinance No. 72-22 (Zoning ordinance), Lake Worth City Charter (Chapter 25962, Laws of Florida, Special Acts 1949 as amended), FAR 4.5(c)(1) and FAR 3.2(b).)

As to the first point, *Weber* held that a city is not a necessary party in proceedings of this kind. This is not the same as saying the city is not a *proper* party, but *Weber* appears to stand for that proposition also. *Weber* held not only that the city need not be joined but that the city could not even file a motion to dismiss. Accordingly, the City of Lake Worth's motion to dismiss is granted for the reason that the city is not a proper party defendant in proceedings under former Florida Statute 176.

The second issue presented is whether the amended petition relates back to the original complaint. If it does, the action has been filed within the thirty day period; if it does not, it fails and petitioners will be barred from seeking relief.

The general rule is that the amendment does not relate back to the date of filing the original complaint when new parties are added or substituted for those before the court by the original pleading. There is an exception to this rule when the movant demonstrates that the new and old parties have such an identity of interest that the relation back is not prejudicial, Galuppi v. Viele, (4th DCA, 1970) 232 So.2d 408, 412 (dissent).

In commenting on Annotation, 8 ALR 2d 6, *Change in party after statute of limitations has run,* the Fourth District Court of Appeal, *Galuppi,* supra, said —

> "These authorities show that the courts have in many instances taken into consideration not only the technical effect of the amendment, but also the circumstances connected with the erroneous naming of the corporate defendant and the extent of the prejudice, if any, which may

result to the real party defendant if the amendment is allowed. The federal cases dealing with this subject look to the relationship between the old and the new party, whether the new party has been put on notice of the suit, and whether substantial prejudice is apt to result."

Florida has aligned itself with the more liberal view — "The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of maneuver captures the prize." Haines v. Leonard F. Farber Co., (2nd DCA, 1967) 199 So.2d 311, citing Cabot v. Clearwater Construction Co., (Sup. Ct., 1956) 89 So.2d 662.

Judged by this criteria, the petition should stand. Although the zoning board operates independently of the city itself, it does so only within the limits of authority delegated to it by the city charter and ordinances. "The board is created at the option of the municipality as an arm of the municipality. It is not an entity in and of itself, but it is part and parcel of its creator, i.e., the municipality." Weber v. Zoning Board of Appeal of the City of West Palm Beach, supra, 262 (dissent). This view may not require or permit the city to be a party defendant to the cause, but it certainly is sufficient to demonstrate the "identity of interest" between the city and the zoning board sufficient to show a lack of prejudice resulting from a relation back.

I would also note that both defendants have retained the same attorney, which could further indicate a general identity of interest and, since the original complaint was clearly concerned with a zoning matter, fair notice was given. It is thereupon ordered that defendants' motion to dismiss is denied.