353 So.2d 562 (1977)
Roscell LOUIS, As Legal Representative of the Estate of Mattie Louis, and Roscell Louis, Individually, and Roscell Louis, As Next Friend of Donna Louis and Debra Louis, Appellants,
v.
SOUTH BROWARD HOSPITAL DISTRICT f/a/o/b/o Memorial Hospital, City of Hollywood, et al., Appellees.
No. 76-414.
District Court of Appeal of Florida, Fourth District.
November 22, 1977.
Rehearing Denied January 20, 1978.
Harold C. Culmer, Miami, for appellants.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee-Hospital.
BERANEK, JOHN R., Associate Judge.
Plaintiffs/appellants filed suit two days before the applicable statute of limitations ran. Pursuant to Fla.R.Civ.P. 1.050, the action against appellee was therefore "commenced" and the statute of limitations was tolled. Clearly, however, the limitations statute was only tolled as to the particular defendant named in the original complaint. Plaintiffs did not attempt service of process for approximately eight months. The defendant/appellee was in fact available for service of process at all times. When process was attempted, it was not effected on the defendant actually named in the complaint but was instead made on a different legal entity. A motion to dismiss was made and at the hearing there was agreement that the defendant named in the initial complaint was not in fact a legal entity. Plaintiffs' initial complaint was dismissed with leave to amend and to effect new service of process.
Thereafter plaintiff amended the complaint and a new amended summons was issued. This amended summons named yet a third defendant, and the amended complaint and summons were filed substantially beyond the running of the original statute of limitations. Subsequently, on motion for summary judgment, the case against appellee was dismissed on the ground that the action had been filed against this defendant after the running of the applicable two-year statute of limitations tions. *563 There was confusion in regard to the name of the defendant, but we consider this confusion to have been substantial. The original complaint named "HOLLYWOOD MEMORIAL HOSPITAL OF WEST HOLLYWOOD." The summons issued pursuant to the original complaint named "HOLLYWOOD MEMORIAL HOSPITAL ... NORTH BROWARD HOSPITAL DISTRICT." The amended summons and complaint named "SOUTH BROWARD HOSPITAL DISTRICT." The North and South Broward Hospital Districts were listed in the different summonses at entirely different addresses. Here the trial court was correct in entering summary judgment for the defendant, "SOUTH BROWARD HOSPITAL DISTRICT," on the ground that the action was instituted subsequent to the running of the applicable statute of limitations. We do not reach nor consider the issue of whether summary judgment may be entered against a plaintiff who unreasonably delays service of process for eight months beyond the running of the statute of limitations in an action filed within the statute of limitations. This issue was not necessarily addressed by the trial court because here the actual identity of the party defendant was changed. An amendment which merely corrects a misnomer might well relate back to the date the complaint was originally filed but this relation back rule is inapplicable where the effect is to bring new parties into the suit. Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970), and 3 MOORE'S FEDERAL PRACTICE § 1515. Summary judgment below is hereby AFFIRMED.
DOWNEY and DAUKSCH, JJ., concur.