359 So.2d 537 (1978)
Robbie CLICK, Individually, and As Personal Representative of the Estate of Clifford W. Click, Deceased, Appellant,
v.
Peter M. PARDOLL, M.D., Appellee.
No. 77-1127.
District Court of Appeal of Florida, Third District.
May 30, 1978.
Rehearing Denied June 28, 1978.
Helliwell, Melrose & Dewolf and Douglas S. Lyons, Miami, for appellant.
Rentz, McClellan & Haggard, Miami, for appellee.
Before HENDRY, J., and CHARLES CARROLL (Ret.) and PARKER, J. GWYNN (Ret.), Associate Judges.
*538 PER CURIAM.
The personal representative of the Estate of Clifford W. Click instituted a wrongful death action against Doctors Hospital and "Dr. John Doe" for alleged malpractice against the hospital and a doctor causing death to the deceased. The action was filed June 30, 1975, the day before the effective date (July 1, 1975) of the Medical Liability Mediation Act requiring all claims of damages of injury, death or monetary loss on account of alleged malpractice by any doctor or hospital to submit such claims to a medical liability mediation panel before filing said claim in any court in the State of Florida.
On September 15, 1976 the trial court granted plaintiff's motion to amend complaint adding "Dr. Peter M. Pardoll" (in place of "Dr. John Doe"). Service was perfected on Dr. Pardoll on October 6, 1976. Subsequently thereto the order appealed from was entered dismissing the complaint as to Dr. Pardoll and requiring plaintiff to file her cause before a medical mediation panel as to that defendant.
The claim against Dr. Pardoll was not filed until long after the effective date of the Medical Liability Mediation Act. The decisions are uniform that if an amendment would amount to the substitution of an entirely new action, it would not relate back to the date of the original filing. We hold that in this case the amending of the complaint by adding Dr. Pardoll's name as a defendant under these circumstances constitutes a new action filed as to the doctor so that the amended complaint does not "relate back" to the date the original complaint was filed. Cabot v. Clearwater Construction Company, 89 So.2d 662 (Fla.); Barron and Holtzoff, Federal Practice and Procedure, Section 448; 3 Moore's Federal Practice, Section 15.15 at pages 1040-41; and Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970).
The right to have an alleged malpractice claim against a doctor to be heard by a duly constituted medical mediation panel is a valuable property right of the doctor. State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977).
The order of the lower court is accordingly affirmed.