ERVIN, Judge.
The appellants’ daughter was born on March 5, 1974, at Shands Teaching Hospital, part of the University of Florida Medical School, in Gainesville, Florida. On March 4, 1976, one day before the limitations period in § 95.11(4)(b), Fla.Stat. (1975), would have expired, appellants filed a medical malpractice claim, seeking damages from Shands, the J. Hillis Miller Health Center and the State of Florida as defendants for the alleged negligent delivery of their daughter which resulted in brain injury. The summons issued named Shands and the Health Center and directed service on Shands in care of the acting administrator. The summons was forwarded to the administrator of the J. Hillis Miller Health Center Insurance Trust Fund, which was created by the Board of Regents of the State of Florida to provide general liability coverage to the Health Center and its components, including Shands Teaching Hospital. See Fla.Admin.Code Rule 6C-10.01. The administrator of the trust fund handles all claims directed to alleged malpractice of the health center or its components. Appellants’ mediation claim was submitted to both the claims committee under the trust fund and the “trust fund board,” both of which are charged with deciding whether mediation under Ch. 768 will be waived or not. No answer was served within 20 days, and the clerk notified the parties that the panel’s jurisdiction had terminated. See § 768.44(l)(c) and Fla.R.Med.P. 20.190.
The appellants filed their claim in circuit court naming Shands, the Health Center and the State, as before. Service was effected in exactly the same manner, and the Hospital appeared and moved to dismiss and quash the service of process on grounds that it was not a legal entity capable of being sued and that the suit could only be perfected by naming the Board of Regents of the State of Florida as defendants.[1] The trial court granted the motion. Appellants *1022 filed their amended complaint, naming the Board of Regents, the Health Center and Shands. After the appellee’s motions to strike were granted, the appellants filed a third amended complaint, and the Board affirmatively answered by responding that the circuit court lacked subject matter jurisdiction because the claim had not first been submitted to medical mediation proceedings. The circuit court dismissed the case on those grounds, stating that service of process on the hospital administrator in the medical mediation claim did not give the panel jurisdiction over the Board of Regents and that the appellants’ claim in circuit court had never been submitted to mediation as required by the Florida Medical Malpractice Act. This appeal followed.
We agree that the trial court lacked subject matter jurisdiction because no medical malpractice proceedings were held. Appellants argue that the appellee should not be able to avoid a malpractice claim simply because the State of Florida was not named in its proper capacity.' Appellees respond that process was never had over the State in any capacity.
We are aware that Florida courts have placed a strict construction upon the time periods in § 768.44.[2] See Cole v. Wallace, 354 So.2d 885 (Fla. 4th DCA 1977); State ex rel. Mercy Hospital, Inc. v. Vann, 342 So.2d 1073 (Fla. 3d DCA 1977); State ex rel. McGuirk v. Cowart, 344 So.2d 624 (Fla. 3d DCA 1977). However, those events requiring termination all presume service upon a properly named defendant, otherwise no answer could be filed or a hearing ever held. As a result of the failure to serve the State of Florida in its proper capacity, the medical mediation claim has remained in limbo since it was filed. Necessarily, no mediation proceedings were ever held, and the circuit court lacked subject matter jurisdiction of the case before it.
 Section 768.44(4) provides that the “filing of the claim shall toll any applicable statute of limitations . until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated.” (e. s.) The jurisdiction of the panel was never terminated since appellants named the correct party defendant, the State of Florida, although not in its correct capacity as the Florida State Board of Regents. Appellants may now, if they wish, amend their medical mediation claim to correct the misnomer, and the amended claim will relate back to the filing of the original claim. Transition Rule 21(a),[3] in effect at the time appellants filed their claim, states that “[t]o the extent applicable, the rules of civil procedure shall apply to all proceedings before the Medical Liability Mediation Panels.” Therefore, if filed, the amended pleading will relate back to the date of the original pleading “[wjhen the claim . arose out of the conduct, transaction or occurrence set forth ... in the original pleading. . . . ” Fla.R.Civ.P. 1.190(c). Moreover, “the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.” Fla.R.Civ.P. 1.190(e). If the amended pleading introduces a new defendant, it does not relate back to the filing of the original pleading for purposes of tolling the statute of limitations as to that defendant. 21 Fla.Jur., Limitation of Actions, § 71 at p. 219.
But where . . pleadings are amended to show . . that the defendant is sued in a different capacity, the amendment does not bring in a new party defendant. It merely changes the capacity in which the same defendant is sought to be charged. Hence it cannot be contended that the suit in such a case is barred by the statute of limitations. Id.
Here, an amendment of the appellants’ medical mediation claim to name the State *1023 of Florida in its capacity as the Florida State Board of Regents would neither introduce a new party into the existing action nor state a new cause of action. See Gaiuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970), in which it was held an amendment to a complaint naming the defendants in their individual capacity, rather than as a corporation, related back to the date the original complaint was filed. The court noted, as in this case, “the question . is one of substance, since if the plaintiff’s request is denied, her claim is lost . Id. at 409. And, that “[t]he pleadings filed and other actions taken by [the misnamed defendant] . . . were of a nature calculated to lead the plaintiff to believe that she had sued the correct party.” Id. at 411.
Appellees rely upon Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977), but that case is distinguishable. There, two days before the limitations period was to run, the plaintiff, filed his complaint, naming only a hospital which was neither an entity capable of being sued, nor the hospital the plaintiff sought to sue. Service was made on “a different legal entity,” but not the one the plaintiff meant to sue. Id. Plaintiff amended his complaint to name “South Broward Hospital District” which was both an entity capable of being sued and the correct entity for plaintiff’s suit. The trial judge granted summary judgment for the defendant on the ground that the statute of limitations had run. In Louis, supra, the plaintiff did not initially name the correct defendant in an incorrect capacity, as here.
The summary judgment is affirmed without prejudice to appellants’ right to amend their medical mediation claim by naming the State of Florida in its correct capacity as a party defendant.[4]
MILLS, Acting C. J., and MASON, ERNEST E., Associate Judge, concur.

. Section 240.042(1), Fla.Stat. (1975), states that the Florida Board of Regents is a “body corporate” and grants it the right to sue and be sued. Sections 241.461 and 241.471 authorize the operation of the J. Hillis Miller Health Center and the University of Florida Medical School.

. Three alternative events, under § 768.44, trigger termination of medical mediation: (I) The failure to respond to the service of summons within 20 days. (2) The failure to hold a hearing or extend the time for hearing within 120 days after the claim is filed. (3) The failure to hold or complete a hearing within 10 months after the claim is filed.

. See, In re: Transition Rule 21, 316 So.2d 38 (Fla.1975).

. In Garcia v. Dade County Public Health Trust, 369 So.2d 634 (Fla. 3d DCA 1979), on facts similar to those in this case, the Third District Court of Appeal reversed the trial court’s order dismissing the appellants’ complaint for failure to mediate. There, however, although not properly named, the county agency — unlike the Board of Regents here — had been correctly served in the mediation proceeding. The court held that the agency’s failure to respond to the appellants’ mediation claim “constituted purposeful inaction which lulled the claimants into reliance on their filed claim as being effective . .and held that the amended complaint would relate back to the filing of the mediation complaint.