385 So.2d 1134 (1980)
Eugene CLEMONS, Individually, On Behalf of Himself and His Wife, Mary Clemons, and As Personal Representative of the Estate of Subrina Clemons, Deceased, Appellant,
v.
FLAGLER HOSPITAL, INC., a Corporation, Hartford Accident & Indemnity Company, a Corporation, and Insurance Company of North America, a Corporation, Appellees.
No. 79-353.
District Court of Appeal of Florida, Fifth District.
July 2, 1980.
*1135 Althea M. Lachicotte of Evans & Lachicotte, P.A., Jacksonville, for appellant.
John N. Bryant of Boyd, Jenerette, Leemis & Staas, P.A., Jacksonville, for appellees.
SCHWARTZ, ALAN R., Associate Judge.
The plaintiff-appellant's daughter died on February 16, 1972, allegedly as a result of the malpractice of the Flagler Hospital. On February 15, 1974, within the two-year limitation period provided by section 95.11(4) and (6), Florida Statutes (1971), the plaintiff timely brought suit against the hospital alone in the St. Johns County Circuit Court. On June 18, 1979, he filed a second amended complaint in which, for the first time, the hospital's liability insurance carriers, Hartford Accident & Indemnity Co. and Insurance Company of North America, were joined as parties-defendant. The trial judge dismissed[1] Hartford and INA on the ground that the statute of limitations had run as to those defendants and the plaintiff has appealed. We reverse.
It is undisputed that the only actual or potential ground of the insurers' liability to the plaintiff is the entirely derivative one to indemnify the hospital for any judgment rendered against it. That cause of action does not accrue, for limitations purposes, until the entry of such a judgment. See Continental Casualty Co. v. Florida Power & Light Co., 222 So.2d 58 (Fla. 3d DCA 1969); 54 C.J.S. Limitations of Actions § 141 (1948) and cases collected. Consequently, the statute of limitations has not yet even begun to run against the carriers.[2] In Davis v. Williams, 239 So.2d 593, 595 (Fla. 1st DCA 1970), the court squarely so held in ruling on the identical issue presented here:

*1136 The statute of limitations on which appellee relies is applicable to actions in tort resulting in death caused by the wrongful act of the defendant. Appellant's cause of action, if any, against appellee insurance company does not arise in tort but arises out of contract, and does not accrue until after appellant has secured a judgment against the alleged defendant tort-feasor to whom appellee issued its policy of professional liability insurance. It is therefore apparent that appellant's cause of action to impose liability on appellee under the insurance policy issued by it has not yet accrued and, therefore, any statute of limitations which does not commence to run until the accrual of the cause of action has not yet been activated.[3]
It is of course true that, under the decisional law of Florida, a liability carrier may be joined as a "real party[-defendant] in interest" in an action against its insured.[4]Beta Eta House Corp., Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970); Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969); Florida Rules of Civil Procedure 1.210. As the Supreme Court recently emphasized, however, in Markert v. Johnston, 367 So.2d 1003 (Fla. 1978), this doctrine, which permits joinder at any stage of the proceedings, is one merely of procedure which does not create or affect any substantive rights or privileges. Accord, Kilpatrick v. Boynton, 374 So.2d 557 (Fla. 4th DCA 1979). Thus, the plaintiff's right to sue a liability carrier directly does not change the established rule that a cause of action does not arise against it until the entry of judgment. Consequently, no such joinder can be barred by the statute of limitations.[5]
For these reasons the judgment below is reversed and the cause remanded with directions to deny the insurers' motion to dismiss and for further proceedings consistent with this opinion.
Reversed and remanded.
COBB and SHARP, JJ., concur.
NOTES
[1] The notice of appeal was initially directed to a non-appealable order which merely granted the insurers' motion to dismiss. At the oral argument, we called this to the attention of counsel and granted the appellant leave to secure and file an appealable final judgment. That has been done. We now visit the earlier notice of appeal upon the subsequently entered judgment and proceed to a consideration of the merits. Williams v. State, 324 So.2d 74 (Fla. 1975), Allied Fidelity Insurance Co. v. State, 384 So.2d 727 (Fla. 3d DCA 1980) (No. 79-1521, opinion filed June 10, 1980); W.B.D., Inc. v. Howard Johnson Company, 382 So.2d 1323 (Fla. 1st DCA 1980); Sloman v. Florida Power & Light Co., 382 So.2d 834 (Fla. 4th DCA 1980).
[2] The attorney for the carriers conceded as much at the oral argument when he agreed that it would not violate the statute of limitations initially to join the companies, for example as garnishees, only subsequent to a judgment rendered even years from the present time.
[3] This holding in Davis is authoritative on the point notwithstanding that the court also relied on another ground for its decision. "[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum." Woods v. Interstate Realty Co., 337 U.S. 535, 537, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524 (1949); See Parsons v. Federal Realty Corp., 105 Fla. 105, 143 So. 912 (1932); Carol City Utilities, Inc. v. Dade County, 183 So.2d 227 (Fla. 3d DCA 1966).
[4] The provisions of section 768.47(1), Florida Statutes (1977), formerly section 768.134(1), Florida Statutes (1975), as adopted as Florida Rules of Civil Procedure 1.450(e) in Carter v. Sparkman, 335 So.2d 802, 806 (Fla. 1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977), which precluded references to insurance in malpractice trials, are not applicable because the cause accrued, and the initial complaint was filed before July 1, 1975, the effective date of the medical mediation act. See section 768.47(3). For this reason, we do not consider the effect of the invalidation of section 768.44 by Aldana v. Holbu, 381 So.2d 231 (Fla. 1980) upon the other portions of the act.
[5] The cases cited by the appellees, Doyle v. Shands Teaching Hospital and Clinics, 369 So.2d 1020 (Fla. 1st DCA 1979); Click v. Pardoll, 359 So.2d 537 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1122 (Fla. 1979); Garrido v. Markus, Winter & Spitale Law Firm, 358 So.2d 577 (Fla. 3d DCA 1978) and Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970), cert. denied, 238 So.2d 109 (Fla. 1970), hold only that a new party may not be added after the statute of limitations has already expired as to that defendant. They are totally inapplicable to this situation.