GLICKSTEIN, Judge,
concurring specialty-
I agree with the reversal based solely upon Dr. Trinidad Garcia’s lack of standing. However, in order to avoid further imposition upon an already overburdened trial judge, I make some additional, nonbinding observations on the underlying issue. The question presented here is whether the attempted amendment should relate back to the filing of original, timely complaint as correction of a misnomer, or whether the new complaint would amount to institution of a new cause of action after the statute has run.
A holding either way would have merit. In choosing between them, it is important to consider the purpose of the statute of limitations. The Third District Court of Appeal, in Thermo Air Contractors, Inc. v. Travelers Indemnity Company, 277 So.2d 47, 48 (Fla. 3d DCA 1973), an appeal by a surety belatedly joined as a party defendant, observed that the point of a statute of *1089 limitations is “to set a time limit within which a suit should be brought so that the parties involved will be on notice within the statutory time.” The court went on to note that the surety knew of the suit and of its possible liability and joinder, holding that the lower court was required to allow amendment of the complaint to add the surety company. This court, in Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA), cert. denied, 238 So.2d 109 (Fla.1970), reversed an order of the trial court refusing to allow amendment of a complaint naming a husband and wife as individuals in place of the corporate shell initially named. This court reasoned that the husband knew of the suit from the beginning and was aware of the plaintiff's mistake; and that the proper party was therefore before the court although he had been misnamed. Regarding the wife, the court did not impute notice of the pending suit from the mere fact of the marital relationship, but said that she could also be joined if the lower court found she had actual knowledge of it. Id. at 411. Other cases in this area have re-emphasized that the critical factor is whether the party knew of the impending suit within the statutory period, see, e.g., Hohl v. Croom Motorcross, Inc., 358 So.2d 241 (Fla. 2d DCA 1978); Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla. 3d DCA 1974).
As in Galuppi, I would not impute to the husband notice of suit merely because it was served upon his wife. Such imputation is unnecessary, for the record contains evidence of Dr. Garcia’s awareness of the lawsuit: the notice of claim letter and his acknowledgement referring the matter to his malpractice insuror. Under such circumstances, the following thought of Justice Holmes in New York Central & Hudson River RR v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, 296 (1922), quoted in Argenbright v. J.M. Fields Company, 196 So.2d 190, 194 (Fla. 3d DCA), cert. denied, 201 So.2d 895 (Fla.1967), is very appropriate:
[W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied.
Because we cannot determine a party’s rights before he is ever brought into the case, these principles are intended for instructional purposes only. I venture to advance them because the full treatment rendered by the parties’ briefs supplies a sufficient basis for analysis. Obviously, Dr. Manuel Garcia can bring new matters to the trial court’s attention after he is brought into the case, should he choose to do so.