504 So.2d 546 (1987)
Gigi Gil FRANCESE, Appellant,
v.
TAMARAC HOSPITAL CORPORATION, d/b/A University Community Hospital, Appellee.
No. 4-86-0634.
District Court of Appeal of Florida, Fourth District.
April 1, 1987.
Benjamin D. Rust, Susan S. Lerner and James C. Blecke, Miami, for appellant.
Rex Conrad and Valerie Shea of Conrad, Scherer and James, Fort Lauderdale, for appellee.
RIVKIND, LEONARD, Associate Judge.
Appellant appeals a final summary judgment which held that her action for medical *547 malpractice was barred by the statute of limitations.[1]
The issue before the trial court, and before this court, was whether the amended complaint related back to the date of the filing of the original complaint.[2] The trial court concluded it did not; therefore, plaintiff's suit was time barred. We disagree; consequently, we reverse.
Appellant filed a complaint against "University Community Hospital at 7201 North University Drive, Tamarac, Florida." Tamarac Hospital Corporation, not a named party, did business as University Community Hospital at the address shown in appellant's original complaint.[3] The complaint was mistakenly served upon the registered agent for a Tampa hospital also operating as "University Community Hospital." Service of process was refused. Appellant, learning of the error, subsequently served the administrator of the Tamarac Hospital but once again failed to name the corporate entity which operated the hospital. Finally, by a fourth amended complaint, appellee, Tamarac Hospital Corporation d/b/a University Community Hospital, was named defendant and served with process. By this time, over two years had passed from the date of the incident giving rise to appellant's claim.
Appellee successfully contended in the trial court that the corporation named in the amended complaint was a new party, and that the amendment did not involve the correction of a misnomer, as appellant contended. The same contentions are made here.
The general rule is: "An amendment which merely corrects a misnomer might well relate back to the date the complaint was originally filed but this relation back rule is inapplicable where the effect is to bring new parties into the suit." Louis v. South Broward Hospital District, 353 So.2d 562, 563 (Fla. 4th DCA 1977).
Although the rule is clear, its application is cloudy. The reported decisions attest to the difficulty experienced in applying the general rule to a particular case.[4]
Our supreme court in Cabot v. Clearwater Construction Company, 89 So.2d 662 (Fla. 1956), applied the relation back doctrine to an amendment which changed the description of the defendant from a corporation to an individual after the running of the statute of limitations. The court stated "that since the adoption of the New Rules of Civil Procedure on January 1, 1950, Florida can more appropriately align itself with the more liberal view in allowing amendments of this nature." The court further stated:
No longer are we concerned with the "tricks and technicalities of the trade." The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.
Id. at 664.
In the instant case, appellant's original complaint, admittedly filed within the period of the statute of limitations, named University Community Hospital, at 7201 North University Drive, Tamarac, Florida. The amended pleading named Tamarac Hospital Corporation d/b/a University Community Hospital at the address shown in the original complaint. We have decided that the amendment naming the corporation which operated the hospital was nothing more than the rectification of a misnomer. Therefore, the amended pleading related back to the date of filing the original complaint *548 and the action was commenced within the period of the statute of limitations.[5]
Appellee's reliance on Louis v. South Broward Hospital, 353 So.2d 562 (Fla. 4th DCA 1977), is misplaced. The facts in Louis were stated by the court as follows:
The original complaint named "Hollywood Memorial Hospital of West Hollywood." The summons issued pursuant to the original complaint named "Hollywood Memorial Hospital ... North Broward Hospital District." The amended summons and complaint named "South Broward Hospital District." The North and South Broward Hospital Districts were listed in the different summonses at entirely different addresses. Here the trial court was correct in entering summary judgment for the defendant, "South Broward Hospital District," on the ground that the action was instituted subsequent to the running of the applicable statute of limitations.
Id. at 563.
That case is distinguishable. In Louis, there was substantial confusion concerning the identity of the defendant. Here, there was no confusion. The original complaint left no doubt as to the identity of the defendant intended to be sued.
REVERSED AND REMANDED.
NOTES
[1] Section 95.11(4)(b) of the Florida Statutes (1981).
[2] Florida Rule of civil Procedure 1.190 provides in part:

(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
[3] Paragraph 5 of the original complaint alleged as follows: "That at all times material hereto the defendant, University Community Hospital, was and is a Florida corporation authorized to do and in fact doing business at 7201 North University Drive, Tamarac, Florida."
[4] See Annot., 8 A.L.R.2d 6 (1949).
[5] In view of this disposition, we need not address appellant's second point on appeal, namely, that there remained an issue of fact as to when the cause of action was or could have been discovered to commence the running of the statute of limitations.