520 So.2d 708 (1988)
Roy THOMAS, Appellant,
v.
TAYLOR CREEK MARINA OF FORT PIERCE, INC., et al., Appellees.
No. 87-0196.
District Court of Appeal of Florida, Fourth District.
March 9, 1988.
Eric J. Bruning of Harold H. Goldman, P.A., Port St. Lucie, for appellant.
Majorie Gadarian Graham, West Palm Beach, for appellees.
HERSEY, Chief Judge.
This appeal seeks review of a final order dismissing a complaint with prejudice based upon the applicable statute of limitations.
Appellant, Thomas, alleges that he was injured on August 6, 1982, when he slipped and fell at a marina then owned and operated by "Taylor Creek Marina of Ft. Pierce, Inc." Shortly after that date the marina was sold to "Taylor Creek Marina, Inc., a Florida corporation."
Just prior to expiration of the time for filing suit established by the applicable statute of limitations, Thomas instituted the present litigation, naming as defendant "Taylor Creek Marina, a Florida Corporation." Process was served on the new owner of the marina, which promptly filed a motion to dismiss.
Recognizing that he had used an incorrect name, Thomas filed an amended complaint correcting the name of the corporation. This amendment was filed fourteen days after the running of the statute of limitations.
The issue is whether filing of the amended complaint relates back to the date of filing of the original complaint for purposes of the statute of limitations.
The general rule regarding amendments relating back to original complaints is that:
An amendment which merely corrects a misnomer might well relate back to the date the complaint was originally filed but this relation back rule is inapplicable where the effect is to bring new parties into the suit.
Louis v. South Broward Hospital District, 353 So.2d 562, 563 (Fla. 4th DCA 1977), rev. dismissed, 359 So.2d 1217 (Fla. 1978). See also Francese v. Tamarac Hospital Corporation, 504 So.2d 546 (Fla. 4th DCA 1987).
The cases relied on by appellant, including Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA), cert. denied, 238 So.2d 109 (Fla. 1970), and Hohl v. Croom Motorcross, Inc., 358 So.2d 241 (Fla. 2d DCA 1978), turned on activities by the respective defendants that involved reliance and one aspect of estoppel. While an argument could reasonably be made that a somewhat similar factual scenario is represented by the facts in the instant case, we prefer not to rest our conclusion on an estoppel theory. Indeed, we seriously question whether knowledge of impending litigation should impact upon the relation back doctrine. See, e.g., Lindsey v. H.H. Raulerson Junior Memorial Hospital, 505 So.2d 577 (Fla. 4th DCA), rev. denied, 513 So.2d 1062 (Fla. 1987).
*709 The original complaint here named a non-existent entity: "Taylor Creek Marina, a Florida Corporation." The correct name was "Taylor Creek Marina of Ft. Pierce, Inc." We conclude that this was a mere misnomer and that the filing of the amended complaint relates back to the time of filing of the original complaint for purposes of application of the statute of limitations.
The fact that process was served on the wrong corporation has no relevance under the rationale we employ here. We therefore reverse and remand for further proceedings.
REVERSED AND REMANDED.
ANSTEAD, J., and SALMON, MICHAEL H., Associate Judge, concur.