862 So.2d 917 (2003)
Anthony WILLIAMS, Appellant,
v.
The PALM BEACH COMMUNITY COLLEGE FOUNDATION, INCORPORATED, a Florida corporation, Ace Security, Inc., a Florida corporation, and Todd David Chuha, Appellees.
No. 4D02-2628.
District Court of Appeal of Florida, Fourth District.
December 24, 2003.
*918 Diane H. Tutt and Sharon C. Degnan of Diane H. Tutt, P.A., Plantation, for appellant.
No appearance for appellees.
PER CURIAM.
Anthony Williams appeals the denial of his Motion for Leave to Amend Complaint to Substitute Party Defendant to correct a misnomer. We reverse.
In 1995, Williams was a student at Palm Beach Community College ("PBCC") and lived in the Panther Park Housing Complex in Lake Worth. While he was standing outside his apartment at the complex, he became involved in a confrontation with a fellow student, Todd Chuha. Chuha allegedly punched Williams and knocked him to the ground and then began kicking and hitting Williams in the face and head. As a result, Williams suffered injury and now experiences chronic medical problems.
While the confrontation was occurring, an Ace Security Company guard contracted by PBCC was standing nearby. The security guard allegedly did not take any measures to prevent the confrontation from escalating to physical attack, nor did he attempt to intervene in the incident once it became violent. As a result, in addition to a personal injury suit filed against Chuha and settled before trial, Williams also sued PBCC and Ace Security, Inc. for negligence. PBCC settled prior to trial.
As it relates to this appeal, the initial complaint was served on Ace Security, Inc., not Ace Security Company, in 1999. Although Ace Security, Inc. owner and registered agent David Bruce filed a notice with the trial court stating that he did not own Ace Security at the time of the 1995 incident and the claim should be dismissed, he never secured a court ruling on the matter. Ace Security, Inc. took no further action during the pendency of the litigation. After filing the complaint, Williams deposed Bruce and discovered that in 1997, Ace Security, Inc. had purchased the assets of Ace Security Company, the entity which had a contract with PBCC at the time of the 1995 incident, and had continued to operate the combined companies under the common name Ace Security. Williams also discovered that there was a continuity of accounts between Ace Security Company and Ace Security, Inc. and that the companies were nearly identical in form and function. Because of the applicable statute of limitations, Williams filed a Motion for Leave to Amend Complaint to Substitute Party Defendant, and argued *919 that naming Ace Security, Inc. instead of Ace Security Company constituted a mere misnomer that could be corrected by an amended complaint relating back to the filing date of the initial complaint. The trial court denied the motion to amend.
The case then proceeded to trial with Ace Security, Inc. as the defendant, and a default judgment was entered against Ace Security, Inc. The jury then heard testimony on damages leading to a verdict and final judgment in favor of Williams for $1.5 million.
On appeal, Williams asserts that the trial court erred by denying his motion to amend the complaint. The standard of review applicable to the amendment of pleadings is abuse of discretion. G.B. Holdings, Inc. v. Steinhauser, 862 So.2d 97, 99 (Fla. 4th DCA Nov.19, 2003); Video Indep. Med. Examination, Inc. v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001). Williams maintains that the trial court abused its discretion because the naming of Ace Security, Inc. instead of Ace Security Company was a mere misnomer that could be corrected by amending the complaint. He argues that this amendment would not bring a new party into the case, and therefore, would relate back to the filing of the initial complaint so as to obviate any statute of limitations concern.
This Court has explored this issue in prior cases. For example, in Thomas v. Taylor Creek Marina of Fort Pierce, Inc., 520 So.2d 708 (Fla. 4th DCA 1988), Thomas was injured at Taylor Creek Marina of Fort Pierce, Inc. which was subsequently sold to Taylor Creek Marina, Inc., the entity on which process was served. Id. at 708. Thomas named "Taylor Creek Marina, a Florida Corporation" as the defendant in his lawsuit, and this Court concluded that Thomas named a non-existent corporation, rather than bringing a new party into the lawsuit, and that such constituted a mere misnomer allowing for amendment of the pleadings to relate back to the time the complaint was filed. Id. at 708, 709.
Taylor has several similarities to the case at bar. Williams intended to sue the entity commonly known as Ace Security that provided security at Panther Park in 1995. By naming Ace Security, Inc. as the defendant, Williams did not bring a new party into the suit because the Ace Security Company that had contracted with PBCC was purchased by Ace Security, Inc., operated under the same common name, and functioned through a common corporate form. Relying on Taylor, we conclude that the trial court abused its discretion by denying Williams's motion to amend his complaint to reflect the correct name of the defendant, Ace Security Company.
We recognize that amendment of pleadings may be inappropriate where it would work prejudice to a party, constitute abuse of the privilege to amend, or be futile. Video Indep., 792 So.2d at 681. First, Ace Security Company will not be prejudiced by the amendment as it has been aware of the proceedings from inception because Ace Security Company was purchased by the named defendant, Ace Security, Inc. Second, Williams filed a single motion requesting leave to amend the defendant's name and had filed only one other amended complaint during the proceedings, so no abuse of the amendment privilege has been demonstrated. Third, the amendment will allow Williams to collect a judgment that otherwise would have been procedurally difficult to collect, and as such, the amendment will not be futile. Therefore, none of these factors bar the amendment of the complaint in the present case.
*920 In sum, we conclude that the trial court abused its discretion by failing to allow Williams to amend his complaint to correct a mere misnomer. As a result, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FARMER, C.J., GUNTHER, J., and KRATHEN, DAVID H., Associate Judge, concur.