POLEN, J.
This appeal arises from an accident resulting in personal injury to the Appellant, Mary Lou Powers. Powers challenges a final order granting a Motion to Dismiss based upon the statute of limitations in favor of the Appellee, Aberdeen Golf & Country Club (“Aberdeen”). There is also a cross-appeal based on the trial court’s entry of partial summary judgment finding that Aberdeen assumed the liability for Powers’ accident in the purchase agreement with its predecessor in interest, Shea Homes. We reverse and remand for the reasons set forth below.
On March 29, 1996, Powers was attending an event held at the Aberdeen Golf & Country Club when she slipped and fell due to a set of mobile stairs not being properly secured. At the time of the accident, Shea Homes, who was doing business under the name Aberdeen Country Club or Aberdeen Golf & Country Club, owned the premises.[1] Approximately eight months after the accident, Shea Homes transferred ownership of the premises to a separate entity, which happened to be incorporated under the name Aberdeen Golf & Country Club, Inc. Pursuant to the transfer of interest, Aberdeen took the premises on an “as is” basis without any warranties, releasing Shea Homes from all responsibility and liability, expressly assuming the risk of existing or future circumstances, known or unknown.
On March 28, 2000, one day before the statute of limitations expired, Powers filed suit against Aberdeen for negligence, apparently under the presumption that Aberdeen and Shea Homes were one and the same. In the Answer and Affirmative Defenses, Aberdeen advised Powers that Shea Homes, not Aberdeen, was the owner of the premises on the date of the accident. Thereafter, Aberdeen filed a third-party *314 complaint against Shea Homes. On February 14, 2002, Powers filed an Amended Complaint, without explanation for the time delay. Shea Homes filed an Answer and Affirmative Defenses failing, however, to assert the statute of limitations. Aberdeen also filed an Amended Answer and Affirmative Defenses to the Amended Complaint, again failing to assert the statute of limitations in either its defense or Shea Homes’ defense.
Aberdeen moved for summary judgment asserting that it did not assume the liability of Shea Homes regarding the accident in issue. Thereafter, Shea Homes moved to add the additional affirmative defense of the statute of limitations, and by an agreed order the motion was granted. Shea Homes also moved for summary judgment based on the new affirmative defense, which was granted in its favor on January 6, 2003, thus removing Shea Homes from the case. Powers’ motion for rehearing was denied. After hearing argument on Aberdeen’s pending motion for summary judgment, the trial court denied Aberdeen summary judgment and instead awarded Powers summary judgment finding that Aberdeen did assume Shea Homes’ liability. The trial court also heard argument on Aberdeen’s motion to dismiss for failure to join an indispensable party, but at the request of Powers, a continuance was granted before the trial court ruled on the motion.
During the time that Powers was granted a continuance, Shea Homes and Powers were able to reach an agreement that the order granting Shea Homes summary judgment due to the expiration of the statute of limitations should be vacated. The trial court entered the agreed order, as to which Aberdeen claims to have had no advance knowledge. Though Aberdeen challenges the validity of this agreed order, we need not consider this issue as we reverse for other reasons. As such, Aberdeen’s motion to dismiss for failure to join an indispensable party was rendered moot.
Aberdeen next filed a motion for summary judgment asserting the statute of limitations defense, under the position that Aberdeen, which has now been ruled to have assumed Shea Homes’ liability, is standing in the shoes of Shea Homes with respect to affirmative defenses. This was in spite of the fact that Shea Homes was again back in the lawsuit. Aberdeen’s motion was denied. However, on the eve of trial, Aberdeen inquired as to what defenses it would be permitted to raise and the trial court opined that the defenses available to Shea Homes would also be available to Aberdeen. Thereafter, Aberdeen made an ore tenus motion for reconsideration on the trial court’s order denying Aberdeen’s motion to dismiss based on the statute of limitations as applicable to Shea Homes. After hearing argument on this motion, the trial court granted Aberdeen’s motion and dismissed the Amended Complaint with prejudice. Reconsideration of this motion was denied and this timely appeal followed.
Turning first to Aberdeen’s cross-appeal, the trial court erred by granting summary judgment, at that time, for Powers, finding that Aberdeen assumed Shea Homes’ liability due to the ambiguity of the language in the transfer of interest contract. The relevant portion of the contract is found in paragraph 3.4 titled “ ‘As Is’ Sale: Release,” and provides:
Buyer hereby acknowledges and agrees that the Club Facilities are to be transferred to Buyer on an “as is” basis without warranty of any kind whatsoever.... Buyer expressly assumes the risk of existing or future circumstances, known or unknown to it, that may adversely affect its use or operation of the Club Facilities to be transferred *315 by Seller pursuant to this Agreement. Seller is hereby released from all responsibility and liability regarding the Plan, the Club Facilities and any other rights or interests being conveyed to Buyer under and pursuant to this Agreement....
(Emphasis added.) We find the above clause to be ambiguous with respect to exactly what is meant by the term “circumstances.” Such a choice of words is subject to reasonable differences of opinion. As such, the trial court should have heard parol evidence on the matter before issuing a ruling as a matter of law. See Miller v. Kase, 789 So.2d 1095, 1098 (Fla. 4th DCA 2001) (citing Royal Am. Realty, Inc. v. Bank of Palm Beach & Trust Co., 215 So.2d 336, 338 (Fla. 4th DCA 1968) (“In the absence of clear and unambiguous language, the court must engage in judicial interpretation. To that end, the court must attempt to ascertain the intention of the parties and may accept parol evidence, not to vary the terms of the contract but to explain ambiguous terms.”)). We find Aberdeen’s remaining issue on cross-appeal to be unpersuasive. Accordingly, we reverse the trial court’s partial summary judgment and remand for further proceedings.
Turning to Powers’ issues on appeal, if on remand the trial court again rules that Aberdeen assumed Shea Homes’ liability, Aberdeen is barred from asserting a statute of limitations defense. Aberdeen did not assert this affirmative defense in its responsive pleading. Florida Rule of Civil Procedure 1.110(d) specifically requires that the affirmative defense of the statute of limitations shall be asserted in the responsive pleading. “Generally, [affirmative] defenses ... are not properly considered on a motion to dismiss.” U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc., 861 So.2d 74, 76 (Fla. 4th DCA 2003) (citations omitted). However, “[a]f-firmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b).” Fla. R. Civ. P. 1.110(d).
At the time the accident occurred, Shea Homes was operating under the name Aberdeen. Shea Homes subsequently transferred its interests to another entity also known as Aberdeen. Powers initially filed suit against Aberdeen. When Powers learned of the transfer in interest, she amended her complaint. The confusion of which party was which was arguably a mere misnomer allowing for amendment of the pleadings, possibly to relate back to the time the initial complaint was filed. See Williams v. Palm Beach Cmty. Coll. Found., Inc., 862 So.2d 917 (Fla. 4th DCA 2003); Thomas v. Taylor Creek Marina of Fort Pierce, Inc., 520 So.2d 708 (Fla. 4th DCA 1988). Therefore, because it is not inescapably clear that the statute of limitations issue appears on the face of the Amended Complaint, the dismissal was in error. See Jelenc v. Draper, 678 So.2d 917, 919 (Fla. 5th DCA 1996).
Consequently, the trial court’s partial summary judgment holding Aberdeen responsible for Shea Homes’ liabilities and the order granting Aberdeen’s motion to dismiss due to the expiration of the statute of limitations are reversed, with instructions to conduct further proceédings consistent with this opinion.
MAY, J., and GOLD, MARC H., Associate Judge, concur.

. Shea Homes, formerly known as UDC Homes, Inc., will be referred to only as Shea Homes to avoid any confusion with the Appel-lee, Aberdeen Golf & Country Club (Aberdeen).