356 So.2d 850 (1978)
Roger G. HEIM, Trustee, Appellant,
v.
Thomas R. KIRKLAND, Trustee, Thomas R. Kirkland, Individually, and Gloria J. Kirkland, His Wife, and Umatilla State Bank, a Florida Corporation, Appellees.
No. 77-1285.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Rehearing Denied April 13, 1978.
*851 Calvin J. Faucett, Orlando, for appellant.
Gerald S. Livingston, Orlando, for appellee-Thomas R. Kirkland.
Zebulon L. Osborne, Eustis, for appellee-Umatilla State Bank.
DOWNEY, Judge.
Appellant Roger C. Heim, trustee, takes this interlocutory appeal in an action to foreclose a mortgage from an order of the trial court striking appellant's prayer for a deficiency decree.
The mortgage and note in question contained a provision that the land described in the mortgage was to stand as the sole security with no further recourse against the maker-mortgagor. However, in his complaint appellant prayed for an accounting of the principal, interest, late charges, abstracting, taxes, expenses and costs due from the mortgagor, and for a deficiency decree should a deficiency result. Appellees moved to strike the portions of the prayer relative to the claim for taxes, costs, attorney's fees and any claim for a deficiency, based upon the provision of the note and mortgage designating the land as the sole security and precluding any further recourse against appellees. The trial court entered an order thereon, holding in pertinent part:
"The Court finds, by virtue of the provisions of the note attached to the mortgage, Exhibit `A' to the Complaint, that the Mortgagor, THOMAS R. KIRKLAND, Trustee, has no personal liability for payment of principal or interest on the mortgage note or for late charges, or for abstracting charges, taxes, expenses, costs or attorney's fees incurred by reason of this suit, and that the foregoing constitute a lien upon the property only. Accordingly, the Defendants' Motion to Strike Plaintiff's prayer for deficiency judgment against the Defendants be, and is hereby, granted and the claim for deficiency judgment against the Defendants be, and is hereby struck from the Complaint filed herein,"
We fail to find any error in the order being reviewed. The mortgagor-maker covenanted that he would pay the taxes and other charges so that, as against the land, in the event of a default and foreclosure of the mortgage the mortgagee would be entitled to a judgment for the principal, interest, taxes, attorney's fees and any other appropriate charges. However, because of the no recourse provisions of the contract the mortgagee was not entitled to a deficiency judgment against the mortgagor-maker for any sums over and above the amount which a sale of the property might bring.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
CROSS and DAUKSCH, JJ., concur.