538 So.2d 112 (1989)
John O'BRIEN and Esther O'Brien, his wife, Appellants,
v.
William J. YOUNG, M.D., Individually, Appellee.
No. 88-549.
District Court of Appeal of Florida, Second District.
February 8, 1989.
Leonard M. Vincenti, Clearwater, for appellants.
William Duane Wood, III, Palm Harbor, for appellee.
DANAHY, Judge.
The appellants challenge a summary judgment for the appellee which was entered after the trial judge refused to consider the appellants' request to amend their complaint. While we agree that the motion for summary judgment was properly granted, we hold that the trial judge erred in refusing to consider the appellants' request to amend. Accordingly, we reverse with directions that the appellants be permitted to amend their complaint.
The appellants' initial complaint named several defendants, including the appellee. *113 In essence, the complaint alleged that the appellant John O'Brien appeared at the Aloha Medical Center for care and treatment of a basal cell carcinoma on Mr. O'Brien's nose. The appellants allege in general that the treatment which Mr. O'Brien received at the Aloha Medical Center was not in accordance with prevailing professional standards of care and treatment and, as a result, it became necessary to surgically remove the majority of Mr. O'Brien's nose, requiring extensive reconstructive plastic surgery.
Two months after the complaint was filed, the appellee filed a motion for summary judgment on the ground that the appellee had never personally treated Mr. O'Brien. It appears that there is no genuine issue concerning that fact. Accordingly, the trial judge quite properly entered summary judgment for the appellee. However, at the hearing on the motion for summary judgment, the appellants asked that they be allowed to amend their complaint against the appellee to allege a respondeat superior theory, in that Mr. O'Brien was treated by persons at the Aloha Medical Center under the appellee's direction and control. The appellee asserts that the trial judge properly refused to consider the appellants' request to amend because the proposed amendment was an attempt to alter the appellants' legal theory of recovery as set forth in their complaint for the purpose of defeating summary judgment. While it is true that one may not alter his legal position in order to defeat summary judgment, it is also true that where summary judgment should be entered in a cause and it appears the unsuccessful party may have a cause of action or defense if properly pleaded, the proper procedure is to grant the motion for summary judgment but with leave to amend. While a plaintiff may not inject a new theory of liability, if the purpose of the amendment is to clarify the allegations of the complaint, the amendment should be allowed. Sea Shore Motel Corp. v. Fireman's Fund Ins. Co., 233 So.2d 651 (Fla. 4th DCA 1970).
The gist of the appellants' complaint is that Mr. O'Brien received care and treatment at the Aloha Medical Center which was "provided" by the appellee. It is further alleged that at the clinic, the appellee caused certain procedures to be undertaken. We believe the allegations of the complaint would support a theory of liability under the doctrine of respondeat superior and that the appellants should be allowed to amend their complaint to develop that theory as against the appellee.
Accordingly, we reverse the summary judgment for the appellee and remand with directions that the appellee's motion for summary judgment be granted but with leave to the appellants to amend their complaint.
REVERSED AND REMANDED.
RYDER, A.C.J., and LEHAN, J., concur.