SCHWARTZ, Chief Judge.
The summary judgment for the mortgagee-appellees is reversed because genuine issues are presented concerning the proper interpretation of the release agreement in question. Agricultural Alumni Seed Improvement Ass’n, Inc. v. Diaz, 432 So.2d 788 (Fla. 3d DCA 1983). See Quayside Assocs., Ltd. v. Harbor Club Villas Condo. Ass’n, Inc., 419 So.2d 678 (Fla. 3d DCA 1982); Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981); Mead v. Mead, 193 So.2d 476 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 552 (Fla.1967).
The order permitting distribution to the mortgagees of the sum previously paid by the appellant-mortgagors into the registry of the court is also reversed with directions to require its repayment to the registry. Since the deposit represented a tender by the appellant-mortgagors to secure the release of a designated portion of the mortgaged property upon the payment of the amount they contend was due under the agreement, it should be paid to the mortgagees at the conclusion of the case only if the plaintiffs are ultimately successful in establishing their position. See Masser v. London Operating Co., 106 Fla. 474, 145 So. 72 (1932); Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792 (1932); 39 Fla.Jur.2d, Payment and Tender § 11 (1982). If the plaintiffs lose, their offer will not have been accepted and the fund must therefore be returned to them.
Finally, the order awarding attorney’s fees to the appellees is likewise reversed, not only because of our previous rulings, but also because the underlying note and mortgage, which provide for these fees in the event of the mortgagees’ success, specifically state that these obligations are without recourse against the individual plaintiffs who have “no personal liability” under either instrument. See Heim v. Kirkland, 356 So.2d 850 (Fla. 4th DCA 1978). The effect of any eventual award of fees to the mortgagees must be limited to an increase in the principal amount of any judgment of foreclosure. Moreover, because the mortgagors are not individually liable for fees, even if they win, they are themselves unable to recover fees, as they claim, under section 57.105(2), Florida Statutes (1991) {“If a contract contains a provision allowing attorney’s fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action ... ”) [e.s.]. For these reasons, both sides’ motions for attorney’s fees on this appeal are denied.
Reversed and remanded with directions.