RYDER, Acting Chief Judge.
Rodney D. Rhoden contests the trial court’s entry of a deficiency judgment in favor of the Federal Deposit Insurance Corporation (FDIC) and the court’s calculation of the amount of the deficiency. He raises four points on appeal. We affirm the entry of the deficiency judgment but reverse the amount awarded and remand to the trial court to correct the amount of the deficiency in accordance with this opinion.
Rhoden purchased the Sarasota Place Apartments in December 1984. In connection with the purchase, he executed two separate promissory notes to the County Bank. The first note evidenced an indebtedness of $935,000.00 and was secured by a first mortgage and security agreement encumbering the apartments. This note was specifically designated as nonrecourse. The second note for $250,000.00 was a recourse note and was secured by a junior mortgage and security agreement that also encumbered the apartments. Rhoden defaulted on both loans in 1988.
The FDIC, the successor to the County Bank, filed a foreclosure action against Rhoden and was granted a summary final judgment of foreclosure on February 27, 1990. On April 26, 1990, the court entered another final judgment of foreclosure concerning interest, late charges and attorney’s fees. A public sale of the apartments was originally scheduled for May 1990, but was postponed. A receiver was appointed on June 6, 1990 and the apartments remained in receivership until October 8, 1991, when they were sold at the rescheduled public sale. During the receivership, the apartments produced $66,737.62 in net profits after expenses.
The FDIC moved for deficiency judgment based on the $250,000.00 recourse note and mortgage. The trial court entered judgment in the amount of $372,-707.50. The court arrived at this figure by using a pro rata multiplier to allocate Rho-den’s obligations between the $250,000.00 note and the $935,000.00 nonrecourse note. The court determined the multiplier by dividing the amount of the recourse note ($250,000.00) by the sum of the recourse and nonrecourse obligations ($1,185,000.00). It applied the multiplier (21.1%) to: (1) the costs under the February 27, 1990 judgment; (2) the interest, late charges and attorney’s fees under the April 26, 1990 judgment; and (3) the rental profits earned during the receivership. The court then added the pro rated costs from the two judgments to the principal amount of the recourse note, added accrued interest, and subtracted the pro rated profits to arrive at the deficiency amount awarded.
We find no merit in three of Rhoden’s points on appeal. In his first point, he contends that the FDIC was precluded from seeking a deficiency because Rhoden and the County Bank were engaged in a joint venture. He next argues that a loan commitment letter created an ambiguity concerning the amount of deficiency judgment awardable. Finally, he asserts that the FDIC’s assignment and sale of the underlying note and mortgage to a third party precluded it from seeking a deficiency. Because we affirm on all these points, we have not set out the facts pertinent to these issues and we will not discuss the parties’ legal arguments.
In Rhoden’s remaining point on appeal, he contends that the trial court erred in applying the pro rata multiplier to the rental profits the apartments earned during the receivership. He asserts he should be giv *482 en credit against the deficiency for the full amount of the profits. We agree.
In a deficiency proceeding, the mortgagor is entitled to full credit for the accumulated cash and receivables that accrued during a period of receivership. Mariner/Tampa, Ltd. v. Wells Fargo Realty Advisors Funding, Inc., 546 So.2d 757 (Fla. 2d DCA 1989). Mortgaged property remains the property of the mortgagor until he is divested of ownership, normally by the order confirming the sale of the mortgaged property. Tymber Scan Properties Ltd. v. Lutheran Mut. Life Ins. Co. of Waverly, Iowa, 358 So.2d 1370, 1373 (Fla. 2d DCA 1978). As in Tymber Scan, the notice of sale and certificate of title here described only the real property. As a result, the purchaser “secured no ownership interest in the rentals except those accruing subsequent to securing the title to the rental property.” 358 So.2d at 1372.
At the time of the sale, therefore, the rental profits of $66,737.62 in the hands of the receiver belonged to Rhoden. However, if a deficiency exists after the sale, the mortgagee is entitled to apply such profits to the deficiency. Tymber Scan, 358 So.2d at 1373. The FDIC argues that this is exactly what the trial court did; it applied 100% of the profits to Rhoden’s obligations, 21.1% to the recourse obligation and 78.9% to the nonrecourse, $935,-000.00 note. The FDIC’s argument confuses the terms “deficiency” and “obligation.” While Rhoden was obligated under the $935,000.00 note, that note could not and did not support the deficiency judgment because it was nonrecourse. When a loan contains a nonrecourse provision, a mortgagee is not entitled to a deficiency judgment against the mortgagor for any sums over and above the amount that a sale of the property brings. Heim v. Kirkland, 356 So.2d 850, 851 (Fla. 4th DCA 1978).[1] The rental profits, which were Rhoden’s property, could not be applied to the $935,-000.00 note. The trial court, therefore, erred in allocating 78.9% of the profits to Rhoden’s nonrecourse obligation; 100% should have been credited against the amount of the deficiency owed.
We affirm the entry of the deficiency judgment against Rhoden. We reverse the amount of deficiency awarded and remand to the trial court with instructions to offset the deficiency owed by the entire amount of the rental profits that the apartments earned during the receivership. We approve the trial court’s use of the pro rata formula to allocate the costs under the February 27, 1990 judgment and the interest, late charges and attorney’s fees under the April 26, 1990 judgment between the two loans.
Affirmed in part, reversed in part and remanded to the trial court with instructions.
CAMPBELL and PATTERSON, JJ., concur.

. We note that the entire amount the FDIC realized on the sale of its interest in the notes and mortgages was applied to the nonrecourse note; it was not pro rated between the two obligations.