HERSEY, Judge.
This is an appeal in a medical negligence wrongful death action against a medical partnership. Because some of the medical records named Ruben Ungaro, M.D., as the vascular surgeon who examined the decedent, he was named as a defendant in the original complaint, as was the medical partnership, Ungaro, Weber & Brezing. Discovery revealed that Richard A. Brezing, M.D., was the member of the medical partnership who actually examined the decedent. After the statute of limitations had run, plaintiffs, appellants here, attempted to amend their complaint to allege that the medical partnership was liable for the negligence of its partner, Brezing. The trial court denied the motion to amend and thereafter entered summary final judgment for the medical partnership. The order denying the motion to amend and the summary final judgment are the subjects of this appeal.
At the outset we reject appellee’s suggestion that the notice required by rule *1052 1.650(b)(1), Florida Rules of Civil Procedure, was defectively given here. That notice to a general partner is notice to the partnership is a principle too commonplace to require citation of authority.
The real issue is whether the proposed amendment reflecting the fact that Brezing was the partner whose allegedly negligent conduct was a proximate cause of the death of plaintiffs’ decedent can be considered to relate back to the original complaint in such fashion as to avoid the statute of limitations’ bar. This question is initially controlled by rule 1.190(c) of the Florida Rules of Civil Procedure, which provides:
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
(Emphasis in original.)
In order to simplify the analysis that is required for the appropriate application of that rule, it is necessary first to eliminate from consideration factors and issues that are not involved in our determination of the question presented by this appeal.
The fact that a partnership rather than a professional association is the defendant in this case has no particular legal consequences. Neither party asserts that partnership law impacts upon the issues differently than would corporate or any other law.
Nor is this a case where the plaintiffs failed to exercise reasonable diligence in discovering the identity of the attending physician through the available records. See generally Nardone v. Reynolds, 333 So.2d 25 (Fla.1976). While plaintiffs are duty bound to discover facts that the medical and hospital records would show, some of these records actually relied upon by the plaintiffs in this instance were incorrect or misleading and thus Nardone does not resolve the issue in this case.
Additionally, we find neither undue delay by the plaintiffs in undertaking discovery, which might be fatal to their position under Garrido v. Markus, Winter & Spitale Law Firm, 358 So.2d 577 (Fla. 3d DCA 1978), nor do we find any ambush or “gotcha” tactics employed by the defendants, which might be fatal to theirs under Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA), cert. denied, 238 So.2d 109 (Fla.1970).
And finally, the plaintiffs were not seeking to add a party defendant after expiration of the statute of limitations, prohibited by such cases as Lindsey v. H.H. Raulerson, Jr. Memorial Hosp., 505 So.2d 577 (Fla. 4th DCA), rev. denied, 513 So.2d 1062 (Fla.1987); Frankowitz v. Propst, 489 So.2d 51 (Fla. 4th DCA), rev. denied, 492 So.2d 1334 (Fla.1986); and Click v. Pardoll, 359 So.2d 537 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1122 (Fla.1979).
The defendant partnership, appellee here, concedes that it is appropriate to bring suit against an employer on the theory of respondeat superior, without suing the negligent employee. In this case the employer, the medical partnership, was a named defendant in the original complaint and remains a named defendant in the proposed amendment. Only the name of the allegedly negligent employee is changed. Under these circumstances the amendment clearly relates back to the original filing. See Schachner v. Sandler, 616 So.2d 166 (Fla. 4th DCA 1993); Roger Dean Chevrolet, Inc. v. Lashley, 580 So.2d 171 (Fla. 4th DCA 1991); O’Brien v. Young, 538 So.2d 112 (Fla. 2d DCA 1989); Scarfone v. Mann, 442 So.2d 282 (Fla. 2d DCA 1983). Since none of the exceptions to the general rule apply to the facts of this case, it was error to deny the motion to amend. Thus the summary final judgment was also flawed. We reverse and remand for amendment of the complaint and for such further proceedings as may be appropriate.
REVERSED AND REMANDED.
STONE, J., and DOWNEY, JAMES C., Senior Judge, concur.