[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14329

_____

D.C. Docket No. 8:11-cv-00013-MSS-MAP

PATRICIA HILSON,
NICOLE HILSON,

Plaintiffs-Appellees,

versus

GEICO GENERAL INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 27, 2015)

Before WILSON and ANDERSON, Circuit Judges, and VOORHEES,* District
Judge.

_____

*       Honorable Richard L. Voorhees, United States District Judge for the Western District of
North Carolina, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument in this case, and have carefully reviewed the briefs and the relevant parts of the record.  We conclude that the judgment of the district court should be affirmed.  We address the several issues raised by the Appellant in turn, but first we sketch very briefly the relevant background.  The Hilsons were insured by GEICO (the "Insurance Company" or simply the "Company").  The Hilsons' sixteen-year old daughter was involved in an automobile accident in which Ms. Johnson was injured.  The daughter was at fault.  The Insurance Company provided insurance coverage for the Hilsons.  Before the underlying plaintiff, Johnson, filed suit against the Hilsons, the Company's adjusters had learned the name of Johnson's treating physician, Dr. Laborde, but despite assiduous efforts had not been successful in obtaining from Johnson's attorneys a copy of Laborde's medical records, or much detail about what his records would have shown.  In particular, the Insurance Company's file revealed the name of the treating physician and the fact (but not the extent) of Johnson's back injuries, but did not reveal a consultation with a surgeon or the surgeon's recommendation of surgery.  Without the foregoing information, the Insurance Company declined to settle the underlying case when Johnson's attorneys offered to settle within the $10,000 policy limits on January 24, 2006.

2

Later, a jury awarded Johnson very substantial damages against the Hilsons. This excess judgment, the excess over the policy limits, forms the basis of the damages that the Hilsons seek in their instant suit against the Insurance Company.

## I. THE RELATION-BACK ISSUE

We conclude that the district court did not abuse its discretion in holding that the Hilsons' amendment setting out their professional negligence claim related back to their original complaint. The professional negligence claim alleged that Bloom, the Insurance Company's in-house lawyer, was negligent in handling the defense, causing the failure to settle Johnson's claims against the Hilsons within the policy limits, and thus causing the excess judgment against the Hilsons. Although the original complaint relied on the theory of bad faith, the original allegations of fact expressly pleaded that the insurance company's actions in defending the Hilsons from the claims in the underlying case were negligent. The factual allegations included the following:

- Failing to exercise reasonable diligence and a level of care commensurate with the undertaking, in every respect of handling the claim against plaintiffs;
- Negligently and carelessly adjusting in investigating and defending the claims against plaintiffs.

3

We conclude that the factual allegations of the original complaint amply notified the Insurance Company and Bloom of a claim that their actions were negligent. We conclude that relation back is appropriate in this case both pursuant to Fed.R.Civ.P. 15(c)(1)(A) (pursuant to Florida law); and also pursuant to Rule 15(c)(1)(B) (pursuant to federal law). Florida case law indicates that relation back is appropriate in this case. See, e.g., Cinque v. Ungaro, Weber and Brezing, 622 So.2d 1051 (Fla. 4th DCA 1993). Under federal law, Rule 15(c)(1)(B), we also conclude that the amendment asserts a claim "that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." [1] Indeed, the crucial facts underlying both the bad faith claim and the professional negligence claim are identical – i.e., the failure of attorney Bloom to promptly gain access to the medical evidence in order to evaluate the claim of the underlying plaintiff against the Hilsons, resulting in the failure to settle the underlying claim within the policy limits, thus giving rise to the excess judgment against the insureds-Hilsons.

## II. DID THE DISTRICT COURT ERR IN DENYING THE INSURANCE COMPANY'S MOTION FOR JUDGMENT AS A MATTER OF LAW

The Insurance Company makes three primary arguments on appeal challenging the district court's denial of its motion for judgment as a matter of law.

---

[1] In light of this holding, we need not address the Hilsons' argument that the insurance company waived its right to challenge the district court's relation back holding.

First, the Company argues that there was insufficient evidence that Bloom was negligent. The Company points to the fact that the Company's adjusters had assiduously, but unsuccessfully, sought the medical records from counsel for Johnson for approximately two years before Johnson filed suit. Then, immediately upon the filing of that underlying suit, when attorney Bloom took over the defense, Bloom immediately posed interrogatories seeking the medicals. And, notwithstanding the Florida rules requiring timely production, counsel for Johnson stonewalled for over a year. However, the jury also heard evidence that there were alternative means available to Bloom to obtain the records. Indeed, Bloom in fact utilized one such alternative. He directly subpoenaed several medical records. However, notwithstanding the fact that the name of the treating doctor was in his file, Bloom failed to subpoena the medical records of Johnson's treating physician, obviously a crucial omission. The jury also heard the testimony of Bloom, in which he acknowledged the importance of prompt production of the medical records in order to assess the value of the claim, acknowledged that he intended to subpoena the treating physician, and explained that his failure to do so must have been an oversight, either on his part or that of his staff. A reasonable jury could find, and this jury did find, that Bloom's actions constituted negligence.

Second, the Insurance Company argues that, even if Bloom were negligent, his negligence was not the proximate cause of the Hilsons' damages because

5

Johnson would not have settled for the policy limits in any event. The Insurance Company relies on the fact that the January 24, 2006, demand letter offering to settle for the policy limits had a thirty-day deadline and stated that there would be no extensions. Although that fact does tend to support the Company's argument, there was other evidence – other evidence of considerable force from several sources – before the jury which tended to show that Johnson would have accepted a settlement for the policy limits for an extended time until Christmas 2007, by which time Johnson's continuing pain had persuaded her to follow the earlier recommendation of her surgeon to undergo an operation. It was this consultation with the surgeon and his recommendation of surgery that was the crucial piece of information which Bloom did not learn promptly. A reasonable jury could find that Bloom not only was negligent in not learning earlier, but also could find that had he learned, the Insurance Company would have offered to settle for the policy limits and Johnson would have accepted. Thus, we conclude that the district court did not err in concluding that a reasonable jury could have found negligence that was a proximate cause of the Hilsons' damages.

The Insurance Company's final argument relies on the Florida law that a legal malpractice plaintiff must present expert testimony to establish the appropriate standard of care, and the breach thereof, unless the lawyer's lack of care and skill is so obvious that the trier of fact can resolve the issue as a matter of

6

common knowledge. The Hilsons do not dispute this aspect of the Florida law, nor did the district court. However, we agree with the Hilsons that Bloom's failure to subpoena Johnson's treating physician (despite the fact that he was identified in the Insurance Company's file) constituted a lack of care that was sufficiently obvious that a jury could resolve the negligence issue without the benefit of expert testimony. Had Johnson's treating physician been subpoenaed when Bloom subpoenaed other medical records, there was sufficient evidence on the basis of which the jury could have found that Bloom would have learned of the consultation with the surgeon and his recommendation of surgery, and the jury could have found that the Company would have offered to settle within the policy limits and that Johnson would have accepted.

For the foregoing reasons, [2] the judgment of the district court is

AFFIRMED.[3]

---

[2]    Other arguments raised by the Insurance Company on appeal are rejected without the need for further discussion.

[3]    We reject the Insurance Company's challenges to the district court's denial of costs to the Company. We agree with the district court that the Insurance Company is not a prevailing party. While the Company did prevail on the Hilsons' bad faith claim and their breach of fiduciary duty claim, those claims sought precisely the same damages that the Hilsons received on the basis of their professional negligence claim. Thus, the Hilsons received all of the relief that they sought in this case. Moreover, all of the claims involved the common core of facts and were based on related legal theories. Neither the case law nor common sense suggests that the Insurance Company is a prevailing party in this case.