# Third District Court of Appeal

## State of Florida

Opinion filed May 2, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1088
Lower Tribunal No. 14-21829
_____

**Deutsche Bank National Trust Company, etc.,**
Appellant,

vs.

**Idalys R. Torres,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Lapin & Leichtling, LLP, and Benjamin B. Carter, for appellant.

Dennis A. Donet, P.A., and Dennis A. Donet, for appellee.

Before SALTER, EMAS and LINDSEY, JJ.

PER CURIAM.

Deutsche Bank National Trust Company appeals from a final judgment dismissing its foreclosure action against Idalys Torres. The trial court determined that, because the complaint was filed more than five years after the alleged initial default date, the action was barred by the applicable five-year statute of limitations. See § 95.11(2)(c), Fla. Stat. (2014). Finding this conclusion contrary to the current law, we reverse.

Deutsche Bank filed the subject complaint in August 2014, and alleged an initial default date of May 1, 2008. However, the complaint also alleges that the borrower defaulted "by failing to pay the payment due 5/01/2008 and all other subsequent payments." (Emphasis added.)

At the time the trial court entered its final judgment of dismissal in March 2016, the case law in this area was arguably in a state of flux, but that is no longer the situation.[1] Shortly after the final judgment was entered in this case, the Florida Supreme Court issued its opinion in Bartram v. U.S. Bank, N.A., 211 So. 3d 1009, 1019 (Fla. 2016) (holding that "with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and

---

[1] Generally, an appellate court must apply decisional law as it exists at the time of the appeal. See, e.g., Lowe v. Price, 437 So. 2d 142, 144 (Fla. 1983) (holding: "Decisional law and rules in effect at the time an appeal is decided govern the case even if there has been a change since time of trial."); Bank of New York Mellon Corp. v. Anton, 230 So. 3d 502, 503 n.1 (Fla. 3d DCA 2017).

mortgage"). See also Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938, 945 (Fla. 3d DCA 2016) (en banc) (holding that, even if the alleged initial default date was more than five years before the complaint was filed, the action was not barred by the statute of limitations where "the bank alleged the failure to pay the October 1, 2006 installment payment 'and all subsequent payments'").

While Deutsche Bank may be barred from seeking certain defaulted payments under the note (those falling outside the five-year statute of limitations), it may still seek to foreclose and to collect on all defaulted payments not otherwise barred by the statute of limitations. We have followed the principles established in Bartram and Beauvais in several decisions indistinguishable in all material respects from the instant case. See Wells Fargo Bank, N.A. v. Rendon, No. 3D17-408 (Fla. 3d DCA April 18, 2018); Nationstar Mortg., LLC v. Silva, 43 Fla. L. Weekly D548 (Fla. 3d DCA March 7, 2018); Bank of New York Mellon v. Anton, 230 So. 3d 502 (Fla. 3d DCA 2017); Dhanasar v. JP Morgan, 201 So. 3d 825 (Fla. 3d DCA 2016).

We reverse the final judgment of dismissal and remand for further proceedings consistent with this opinion.