# Third District Court of Appeal
## State of Florida

Opinion filed May 12, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-472
Lower Tribunal No. 19-13299
_____

**Orquidea Castellanos,**
Appellant,

vs.

**Reverse Mortgage Funding LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

Reyes Law Group, and Adrian Reyes and Dennis A. Donet, for appellant.

Greenspoon Marder, LLP, and Dariel Abrahamy (Boca Raton), for appellee.

Before EMAS, C.J., and FERNANDEZ and MILLER, JJ.

EMAS, C.J.

**INTRODUCTION**

Appellant Orquidea Castellanos—the borrower and defendant in this reverse mortgage foreclosure—appeals the trial court's order denying her motion for attorney's fees following her successful defense of the action below. The mortgage at issue contained a unilateral prevailing-party attorney's fee provision in favor of the lender and plaintiff below, Reverse Mortgage Funding, LLC ("the Lender"). The trial court denied Castellanos' motion for attorney's fees, based on this court's 1992 decision in Suchman Corp. Park, Inc. v. Greenstein, 600 So. 2d 532, 533 (Fla. 3d DCA 1992). In Suchman we held that, because the underlying mortgage was based upon a nonrecourse loan, in which the borrower cannot be personally responsible for the lender's attorney's fees should the lender prevail in its action to foreclose the mortgage, the unilateral attorney's fees provision in the nonrecourse loan cannot be made reciprocal (and a prevailing borrower cannot be awarded attorney's fees) by application of section 57.105(7), Florida Statutes (2019).

We reverse the trial court's order denying Castellanos' motion for attorney's fees. Further, to the extent Suchman holds that, as a matter of law, the reciprocity provision of section 57.105(7) cannot apply to authorize an award of attorney's fees to a prevailing borrower on an underlying

2

nonrecourse loan, we determine such a holding has been implicitly overruled by the Florida Supreme Court's recent decision in Page v. Deutsche Bank Tr. Co. Ams., 308 So. 3d 953 (Fla. 2020) (holding that a unilateral attorney's fee provision in a note and mortgage was made reciprocal to a borrower under section 57.105(7) when the borrower prevailed in a foreclosure action on its standing defense).[1]

Applying the analysis and rationale of Page to the instant case, we conclude that section 57.105(7) is applicable to the attorney's fee provision at issue here, and Castellanos is entitled to an award of attorney's fees as the prevailing party. We remand for the trial court to enter an order granting entitlement to fees under section 57.105(7) and for further proceedings.

**FACTS AND ANALYSIS**

The Lender filed its foreclosure complaint on May 30, 2019, alleging that the death of Castellanos' husband triggered the Lender's entitlement to

---

[1] In Ham v. Portfolio Recovery Assocs., LLC, 308 So. 3d 942 (Fla. 2020)—released the same day as Page—the Florida Supreme Court also analyzed the applicability of the reciprocity provision in section 57.105(7). There, the Court considered "whether a unilateral attorney's fee provision in a credit card contract is made reciprocal to a debtor under section 57.105(7), Florida Statutes (2015), when the debtor prevails in an account stated action brought to collect unpaid credit card debt." Id. at 943. In both Page and Ham, the Court applied principles of statutory construction to find that the prevailing parties in those cases were entitled to attorney's fees by application of section 57.105(7)'s reciprocity provision.

payment in full of the sums secured by the mortgage and foreclosure on the property secured by the reverse mortgage.  Ultimately, the trial court granted summary judgment in favor of Castellanos based on this court's decisions in Smith v. Reverse Mortg. Sol., Inc., 200 So. 3d 221 (Fla. 3d DCA 2016) and OneWest Bank v. Palmero, 283 So. 3d 346, 355 (Fla. 3d DCA 2019) (en banc), review granted, SC19-1920 (May 20, 2020) (holding: "[A]s a matter of law, when the surviving spouse signed the mortgage as a borrower, as revealed by an examination of the mortgage itself, the spouse will be treated as a borrower for purposes of the mortgage.")[2]

During the proceedings below, the Lender asserted that, should it prevail in the action, it was entitled to attorney's fees  under Paragraph 20 of the mortgage, which provides:

> 20. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by Judicial Proceedings. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Castellanos also asserted an entitlement to attorney's fees should she prevail in the action below.  Her claim for attorney's fees was predicated on section 57.105(7) which provides:

---

[2] The Lender in the instant case filed its foreclosure complaint approximately one month after our decision in Palmero.

4

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

Section 57.105(7) "amends by statute all contracts with prevailing party fee provisions to make them reciprocal." Levy v. Levy, 307 So. 3d 71, 74 (Fla. 3d DCA 2020).

After prevailing in her defense of the foreclosure action, Castellanos moved for an award of attorney's fees. The Lender opposed the motion, contending that, because the Lender would not have been able to seek an award of attorney's fees *against Castellanos* had the Lender prevailed, Castellanos could not utilize section 57.105(7), to obtain an award of prevailing party attorney's fees against the Lender. Because the underlying loan was nonrecourse, Castellanos could never have been personally liable to the Lender for any award of attorney's fees to which Lender was entitled. Therefore (the Lender's argument goes) Castellanos is not entitled to reciprocity for an award of attorney's fees against the Lender. The trial court agreed and, relying upon our decision in Suchman, denied Castellanos' motion for attorney's fees. This appeal followed.

Castellanos does not dispute that, by the terms of the mortgage, the loan at issue was nonrecourse, and Castellanos could not be held personally

liable for payment of an attorney's fee award in favor of the Lender if the Lender had prevailed below.[3]  The dispute here centers on whether the nonrecourse nature of the underlying loan[4] renders inapplicable the reciprocity provision of section 57.105(7).  In answering that question, we

---

[3] The mortgage provides:

> **No Deficiency Judgments**. Borrower shall have no personal liability for payment of the debt secured by this Security Instrument.  Lender may enforce the debt only through the sale of the Property. Lender shall not be  permitted  to  obtain  a deficiency judgment against Borrower if  the Security Instrument is foreclosed. If this Security Instrument is assigned  to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference  between  the mortgage  insurance benefits paid to Lender  and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

Further, the note provides:

> **Limitation of Liability**
> Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through the sale of the Property covered by  the  Security  Instrument ("Property").  If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at  the  time  of the assignment.

[4] A "nonrecourse loan" is "[a] secured loan that allows the lender to attach only the collateral, not the borrower's personal assets, if the loan is not repaid."  Black's Law Dictionary (11th ed. 2019).

must necessarily determine whether aspects of our prior opinion in Suchman remain viable in light of recent Florida Supreme Court decisions.[5]

In Suchman, 600 So. 2d at 533, we 1) reversed a summary final judgment in a mortgage foreclosure action; 2) reversed the trial court's order awarding attorney's fees; and 3) denied both parties' motions for entitlement to appellate attorney's fees. As to our ruling on attorney's fees, we held:

> [T]he order awarding attorney's fees to the appellees is likewise reversed, not only because of our previous rulings, but also because *the underlying note and mortgage*, which provide for these fees in the event of the mortgagees' success, ***specifically state that these obligations are without recourse against the individual plaintiffs who have "no personal liability" under either instrument***. See Heim v. Kirkland, 356 So.2d 850 (Fla. 4th DCA 1978). The effect of any eventual award of fees to the mortgagees must be limited to an increase in the principal amount of any judgment of foreclosure. Moreover, ***because the mortgagors are not individually liable for fees, even if they win, they are themselves unable to recover fees, as they claim, under section 57.105(2), Florida Statutes (1991)*** ("If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action ...") [e.s.]. For these reasons, both sides' motions for attorney's fees on this appeal are denied.

---

[5] We note that, at the time the trial court issued the order on appeal, the Florida Supreme Court had not issued its opinion in Page, and the trial court quite properly denied Castellanos' motion for attorney's fees based upon our binding precedent in Suchman Corp. Park, Inc. v. Greenstein, 600 So. 2d 532, 533 (Fla. 3d DCA 1992). Nevertheless, the parties agree that we must apply the law "as it exists at the time of the appeal." Deutsche Bank Nat'l Tr. Co. v. Torres, 245 So. 3d 985, 986 (Fla. 3d DCA 2018).

7

Id. (Emphasis added.)[6]

Castellanos contends that the Suchman holding cannot survive the analysis undertaken by the Florida Supreme Court in its more recent decision in Page v. Deutsche Bank Tr. Co. Ams., 308 So. 3d 953 (Fla. 2020). We agree.

In Page, 308 So. 3d 954, the Supreme Court considered "whether a unilateral attorney's fee provision in a note and mortgage is made reciprocal to a borrower under section 57.105(7), Florida Statutes (2019), when the borrower prevails in a foreclosure action in which the plaintiff bank established standing to enforce the note and mortgage at the time of trial but not at the time suit was filed."

---

[6] Castellanos contends that this aspect of Suchman was mere *dicta*, as this court in Suchman reversed the order awarding attorney's fees as a direct consequence of the reversal of the underlying final summary judgment. We reject this contention; the law is clear that alternative bases for an appellate court's decision do not render them *dicta*. See Paterson v. Brafman, 530 So. 2d 499, 501 n. 4 (Fla. 3d DCA 1988) (holding: "The fact that this was an alternative holding of the court does not detract from its binding authority") (citing Clemons v. Flagler Hosp., Inc., 385 So. 2d 1134, 1136 n. 3 (Fla. 5th DCA 1980)). See also Sampson Farm Ltd. P'ship v. Parmenter, 238 So. 3d 387, 393 n. 7 (Fla. 3d DCA 2018). Moreover, and as noted above, our decision in Suchman included a denial of the mortgagers' motion for appellate attorney's fees on the express (and singular) basis that, because the loan was nonrecourse, "the mortgagors are not individually liable for fees, [and] even if they win, they are themselves unable to recover fees, as they claim, under section 57.105(2) [the predecessor to 57.105(7)]." Suchman, 600 So. 2d at 533.

8

While the strict holding of <u>Page</u> is not directly applicable here, the reasoning and analysis relied upon by the Court to reach its decision is both applicable and dispositive. Importantly, the <u>Page</u> Court relied primarily on the construction of the plain language of section 57.105(7):

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

> This provision, the Court explained, creates two "statutory conditions"

that must be met before an attorney's fee provision may be applied reciprocally: (1) the contract must "contain[] a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract"; and (2) "the other party must prevail[] in any action, whether as plaintiff or defendant, with respect to the contract." <u>Id.</u> at 959 (quotation omitted). Because it is undisputed that Castellanos, as the prevailing party in the foreclosure action, satisfied the second condition, we focus on the first condition—i.e., "what appears in the contract." <u>Id.</u> at 959.[7]

---

[7] This is distinguished from the Florida Supreme Court's decision in <u>Ham</u>, 308 So. 3d at 948, where the primary consideration was the second condition, i.e., whether the debtor's claim—on which it prevailed against the creditor—was one "with respect to the contract." More specifically, the question in <u>Ham</u> was whether the debtor's common law account stated actions were sufficiently related to the contract to require an award of fees under the statute. The Court held that they were, finding that the term "'with

9

In analyzing the first statutory condition, the Page Court explained that a "failure of proof" of the bank's right to enforce the contract was "not an adjudication that no contractual relationship existed between the parties" or that "the contract was nonexistent." Id. (quotation omitted). Instead, the evidence showed a contractual relationship between the parties, and that the contract contained the requisite attorney's fee provision. The Court rejected the district court's reasoning that section 57.105(7) requires "contract enforceability by both parties on the day suit is filed" because it "erroneously added words to the statute that were not placed there by the Legislature." Id. at 959-60 (quotation omitted). "There is simply no basis in the statutory text," the Court continued, "to conclude that a contract containing the requisite provision must be shown to be mutually enforceable on the day suit is filed." Id. at 960.

As in Page, the underlying mortgage in the instant case contains a unilateral attorney's fees provision in favor of the Lender, should it prevail:

> 20. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by Judicial Proceedings. *Lender shall be entitled to collect all expenses incurred in pursuing the remedies*

---

respect to' is necessarily broader" than other terms the legislature could have used, e.g., "under," "based on," or "pursuant to," and therefore the statute does not require as "immediate" a relationship with the contract to satisfy this condition. Id.

10

*provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence.*

(Emphasis added).

Paragraph 20 of the mortgage thus satisfies Page's first condition for reciprocity under section 57.105(7), as the contract "contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract." Id. at 959 (quoting section 57.105(7)); see also Ham, 308 So. 3d at 948 (explaining that the first condition "presents a question that can be answered simply by reviewing the provisions of the contract").

And as noted earlier, it is undisputed that Castellanos was the prevailing party with respect to the contract, and therefore satisfied the second condition of entitlement to fees under the reciprocity provision of section 57.105(7). Therefore where, as here, the agreement contains a provision allowing unilateral attorney's fees when one party is required to take action to enforce the agreement, and the other party to the agreement prevails in such action, section 57.105(7) applies to make the unilateral provision reciprocal and authorizes an award of attorney's fees to that prevailing party.

Nevertheless, the Lender's primary theme, summed up during its presentation at oral argument was "you get what you give,"[8] meaning that, because the attorney's fee provision in the mortgage did not authorize the Lender to seek an award of attorney's fees ***from Castellanos***, the reciprocity provision of section 57.105 could not apply to authorize Castellanos to seek an award of attorney's fees ***from the Lender***.  However, nothing in the plain language of the statute imposes such a requirement as a condition of reciprocity.   Instead, that aspect of section 57.105(7) creates reciprocity where the "contract contains a provision allowing attorney's fees ***to a party*** when he or she is required to take any action to enforce the contract. . . ."[9]

---

[8] This likely refers to a statement of our sister court in <u>Florida Hurricane Protection and Awning, Inc. v. Pastina</u>, 43 So. 3d 893, 895 (Fla. 4th DCA 2010): "[T]he purpose of the statute is simply to ensure that each party gets what it gave: the ability to recover fees in litigation arising under the contractual provisions." (quoting <u>Inland Dredging Co. v. The Panama City Port Authority</u>, 406 F. Supp. 2d 1277, 1283 (N.D. Fla. 2005)).  The Lender's reliance is misplaced, however, as it is not the <u>obligation to pay</u> fees, but the "<u>ability to recover</u> fees" that is made reciprocal under section 57.105(7).

[9] Additionally, the Lender conceded at oral argument that if we adopted its argument of non-reciprocity, there nevertheless remain circumstances in which the Lender could (at least indirectly) collect its prevailing party attorney's fees from Castellanos (e.g., through reinstatement (which, pursuant to the mortgage, requires that "costs and reasonable and customary attorneys' fees and expenses properly associated with a foreclosure proceeding shall be added to the principal balance"); redemption (which, pursuant to section 45.0315, Florida Statutes (2019) requires the mortgagor to pay "the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor"); or the existence of a surplus following the sale of the property, <u>see</u>

The statutory language addresses a prevailing party's ability to recover attorney's fees, not a losing party's obligation to pay attorney's fees.

To deny attorney's fees to Castellanos in the instant case would be contrary to the statute's plain language and contrary to the "public policy consideration underlying" this reciprocity statute, which is "to provide mutuality of attorney's fee remedy in contract cases" and "to level the playing field between parties of unequal bargaining power and sophistication." Port-A-Weld, Inc. v. Padula & Wadsworth Const., Inc., 984 So. 2d 564, 570 (Fla. 4th DCA 2008) (quoting Walls v. Quick & Reilly, Inc., 824 So. 2d 1016, 1019 (Fla. 5th DCA 2002)).

**CONCLUSION**

We therefore reverse the trial court's order denying Castellanos' motion for attorney's fees, and remand for the trial court to enter an order granting entitlement to fees under section 57.105(7) and for further proceedings.

To the extent our decision in Suchman holds that, as a matter of law, the reciprocity provision of 57.105(7) cannot apply to authorize an award of

---

section 45.032, Florida Statutes (2019)). In contrast, absent reciprocity under section 57.105(7), there are no circumstances under which Castellanos could indirectly collect an award of prevailing party attorney's fees from the Lender.

13

attorney's fees to a prevailing borrower on an underlying nonrecourse loan, we determine such a holding has been implicitly overruled by the Florida Supreme Court's decision in Page.

Reversed and remanded.