# Third District Court of Appeal

## State of Florida

Opinion filed May 19, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0816
Lower Tribunal No. 19-15630
_____

**Coralia Rubiella,**
Appellant,

vs.

**Cascade Funding RM3 Acquisitions Grantor Trust,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan S. Fine, Judge.

Legal Services of Greater Miami, Inc., and Matthew Bayard, Jeffrey M. Hearne, and Mandy L. Mills, for appellant.

Nelson Mullins, and Terrance W. Anderson, Jr. (Boca Raton), for appellee.

Before EMAS, C.J., and HENDON and MILLER, JJ.

EMAS, C.J.

Coralia Rubiella—the borrower and defendant in this reverse mortgage foreclosure—appeals the trial court's order denying her motion for attorney's fees following a successful defense of the action below.[1]  The reverse mortgage at issue contained a unilateral prevailing-party attorney's fee provision in favor of the lender.  Rubiella's motion for attorney's fees alleged that, as the prevailing party, section 57.105(7), Florida Statutes (2019), applied to make the unilateral attorney's fee provision reciprocal, thereby entitling her to an award of attorney's fees.  In response, Cascade Funding RM3 Acquisitions Grantor Trust countered that because the underlying loan was non-recourse—meaning Rubiella could not be personally liable for the lender's attorney's fees even if Cascade had prevailed—reciprocity under section 57.105(7) was inapplicable and therefore Rubiella was not entitled to attorney's fees.

The trial court denied Rubiella's motion for attorney's fees, based on this court's 1992 decision in Suchman Corp. Park, Inc. v. Greenstein, 600 So. 2d 532, 533 (Fla. 3d DCA 1992).  In Suchman we held that, because the underlying mortgage was based upon a nonrecourse loan, in which the borrower cannot be personally liable for the lender's attorney's fees should

---

[1] The trial court granted Rubiella's motion to dismiss the foreclosure action. The plaintiff below, Cascade Funding RM3 Acquisitions Grantor Trust, did not appeal that dismissal order.

the lender prevail in its action to foreclose the mortgage, the unilateral attorney's fees provision in the nonrecourse loan cannot be made reciprocal (and a prevailing borrower cannot be awarded attorney's fees) by application of section 57.105(7).

The legal question thus presented is whether the nonrecourse nature of the underlying loan renders inapplicable the reciprocity provision of section 57.105(7). We recently answered that question in the negative in Castellanos v. Reverse Mortgage Funding, LLC, 3D20-472 (Fla. 3d DCA May 12, 2021).

In Castellanos, id. at *2-3, we reversed the trial court's order denying the prevailing borrower's motion for attorney's fees, holding that the unilateral attorney's fee provision in the mortgage was made reciprocal by application of section 57.105(7), notwithstanding the nonrecourse nature of the underlying loan. We also held:

> To the extent Suchman holds that, as a matter of law, the reciprocity provision of section 57.105(7) cannot apply to authorize an award of attorney's fees to a prevailing borrower on an underlying nonrecourse loan, we determine such a holding has been implicitly overruled by the Florida Supreme Court's recent decision in Page v. Deutsche Bank Tr. Co. Ams., 308 So. 3d 953 (Fla. 2020) (holding that a unilateral attorney's fee provision in a note and mortgage was made reciprocal to a borrower under section 57.105(7) when the borrower prevailed in a foreclosure action on its standing defense).

3

The instant case is indistinguishable, in all material respects, from Castellanos. Therefore, and as we did in Castellanos, we reverse the trial court's order denying Rubiella's motion for attorney's fees, and remand for the trial court to enter an order granting entitlement to fees under section 57.105(7) and for further proceedings consistent with this opinion.

Reversed and remanded.